IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LOL FINANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CV3224 |
| | ) | |
| V. | ) | |
| | ) | MEMORANDUM AND ORDER |
| ROBERT P. JOHNSON, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

  This matter is before the court on the plaintiff's motion to compel defendant First National Bank of Omaha ("FNBO") to compel discovery (filing no. 55) and plaintiff's motion to extend the deadline for disclosure of expert report (filing no. 73). For the reasons set forth below, the plaintiff's respective motions are granted.

  Under the Final Progression Order (filing no. 51), and pursuant to Fed. R. Civ. P. 26(a), all mandatory disclosures in this case were to be served by April 9, 2010. The plaintiff asserts, and FNBO does not deny, that FNBO has yet to provide the required mandatory disclosures, notwithstanding the plaintiff's repeated attempts to obtain these disclosures from FNBO. Accordingly, the court finds that FNBO has not complied with Fed. R. Civ. P. 26(a), and is given until July 24, 2010 to make the required disclosures.

  The plaintiff served its initial requests for production of documents on FNBO on March 23, 2010. Pursuant to Fed. R. Civ. P. 34(b)(2), FNBO had 30 days to respond to the request for production of documents. FNBO failed to respond within the proscribed time. The plaintiff's attorney has represented that, pursuant to NECivR 7.01(i), he communicated with counsel for FNBO on multiple occasions between April 27, 2010 and May 25, 2010 in an attempt to elicit the Rule 26(a) disclosures and responses to the request for production

of documents. The plaintiff asserts FNBO was unresponsive to the requests. FNBO has not disputed these allegations.

FNBO did file a resistance to the plaintiff's motion to compel, essentially arguing that it needs more time to gather the documents and that some of the plaintiff's requests may be over broad or include privileged information (filing no. 66). With the exception of the potential disclosure of privileged documents, FNBO's arguments are unpersuasive. FNBO had ample time under the Fed. R. Civ. P. 34(b) to make appropriate objections and to respond to the plaintiff's counsel's inquiries. By failing to do so, FNBO has waived its non-privilege based objections to the discovery requests. See Fed. R. Civ. P. 33(b)(4); Kansas-Nebraska Natural Gas Co. v. Marathon Oil Co., 109 F.R.D. 12, 24 (D. Neb. 1985). With respect to any documents for which FNBO claims attorney-client privilege protection, FNBO must comply with Fed. R. Civ. P. 26(b)(5) and prepare and produce detailed privilege log at the time the other documents are produced. FNBO is given until July 24, 2010 to produce the requested documents and/or identify any requested but withheld documents on a privilege log. If any document is withheld from production or disclosure on the grounds of privilege or work product, the producing party shall disclose the following information about each such document withheld: a description of the document withheld with as much specificity as is practicable without disclosing its contents, including the specific reason for withholding and (a) the general nature of the document; (b) the identity and position of its author; (c) the date it was written; (d) the identity and position of its addressee; (e) the identities and positions of all persons who were given or have received copies of it and the dates copies were received by them; (f) the document's present location and the identity and position of its custodian; and (g) or reasons why it has been withheld from production or disclosure.

IT IS ORDERED:

1) The plaintiff's motion to compel (filing no. 55) is granted. Defendant First National Bank of Omaha is given until July 24, 2010 to provide its mandatory disclosures pursuant to Fed. R. Civ. P. 26(a) and to provide a full and complete production of the documents requested in the plaintiff's first request for production of documents and/or a privilege log for any requested documents withheld.

2) The plaintiff's motion to extend the time for disclosure of expert report (filing no. 73) is granted.

3) The Final Progression Order (filing no. 51) is amended as follows:

   a) The deadline for disclosure of experts and, unless otherwise agreed, the deadline for the provision of expert reports is:

   | | |
   |---|---|
   | For the plaintiff: | August 20, 2010 |
   | For the defendants: | August 30, 2010 |
   | For third-party defendants: | August 30, 2010 |

   b) The discovery and deposition deadline is September 6, 2010. Motions to compel discovery must be filed at least 15 days prior to the discovery and deposition deadline.

   c) The deadline for filing motions to dismiss, motions for summary judgment or motions to exclude expert testimony on *Daubert* and related grounds is September 15, 2010.

   d) The pretrial conference will be held before the undersigned magistrate judge on December 15, 2010 at 11:00 a.m. One-half hour is allocated to this conference. Counsel shall email a draft pretrial conference order to zwart@ned.uscourts.gov, in either MS Word or WordPerfect format, by 5:00 p.m. on December 14, 2010, and the draft order shall conform to the requirements of the local rules.

DATED this 14th day of July, 2010.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge