IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LOL FINANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CV3224 |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT P. JOHNSON, individually | ) | MEMORANDUM AND ORDER |
| and, KERI J. MALOLEY, individually | ) | |
| and, JOHN DOE, ABC COMPANY, | ) | |
| FIRST NATIONAL BANK OF | ) | |
| OMAHA, and PAUL JOHNSON & | ) | |
| SONS CATTLE CO., Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| PAUL JOHNSON & SONS CATTLE | ) | |
| CO., | ) | |
| | ) | |
| Third Party Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MAVERICK FEEDERS, INC., et. al., | ) | |
| | ) | |
| Third Party | ) | |
| Defendants | ) | |
| | ) | |

  This matter comes before the court on the third party defendant and cross claimant Maverick Feeders, Inc.'s ("Maverick") motion to compel cross defendant First National Bank of Omaha ("FNBO") to provide initial disclosures and to respond to requests for production of documents served on FNBO on April 14, 2010 (filing no. 67). Maverick also seeks an award of the reasonable expenses and attorney's fees incurred in bringing the motion to compel. For the reasons set forth below, Maverick's motion is granted.

Under the Final Progression Order (filing no. 51), and pursuant to Fed. R. Civ. P. 26(a), all mandatory disclosures in this case were to be served by April 9, 2010. Maverick asserts, and FNBO does not deny, that FNBO has yet to provide the required mandatory disclosures, notwithstanding Maverick's repeated attempts to obtain the disclosures from FNBO. Accordingly, the court finds that FNBO has not complied with Fed. R. Civ. P. 26(a). FNBO will be given until August 2, 2010 to make the required disclosures.

Maverick served its initial requests for production of documents on FNBO on April 14, 2010 (filing no. 67-1). FNBO had 30 days to respond to the request for production, but failed to do so. Maverick's counsel represents, pursuant to NECivR 7.01(i), he communicated with counsel for FNBO on multiple occasions in an attempt to elicit the Rule 26(a) disclosures and responses to the request for production of documents. Maverick asserts FNBO was unresponsive to the requests. FNBO has not disputed these allegations and has not filed any objection to Maverick's motion to compel.

FNBO has had sufficient time under Fed. R. Civ. P. 34(b) to make appropriate objections and to respond to the Maverick's inquiries regarding the discovery requests. By failing to offer any response, including any objection to the pending motion to compel, FNBO has waived all of its objections to the discovery requests. Fed. R. Civ. P. 33(b)(4); Kansas-Nebraska Natural Gas Co. v. Marathon Oil Co., 109 F.R.D. 12, 24 (D. Neb. 1985) ("failure to make a timely objection to a request for production or interrogatories results in a waiver of any otherwise-valid objection"). FNBO will be given until August 2, 2010 to produce the requested documents.

Maverick also seeks an award of attorney's fees and expenses incurred in conjunction with preparing and filing the motion to compel. Under Fed. R. Civ. P. 37(a)(5):

> If the motion [to compel] is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion [to compel] , the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But, the court must not order this payment if:
>
>> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>>
>> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>>
>> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5).

Thus, the award of fees is mandatory against the party whose conduct necessitated the motion to compel, unless the moving party did not attempt to resolve the matter in good faith prior to bringing the motion, the opposing party's conduct was substantially justified, or an award of expense is unjust based on other circumstances. See Foxley Cattle Co. v. Grain Dealers Mut. Ins. Co., 142 F.R.D. 677, 679 (S.D. Iowa 1992). Indeed, "[t]he great operative principle of Rule 37(a)(5) is that the loser pays." Wright, Miller, Kane & Marcus, Federal Practice and Procedure § 2288, p. 515 (2010).

None of the exceptions found in Fed. R. Civ. P. 37(a)(5) are present in this case. Maverick made a good faith effort to obtain the requested discovery prior to filing its motion to compel. FNBO has offered no justification, let alone substantial justification, for why it has been nonresponsive throughout the entire discovery process. No other circumstances exist that make the award of expenses unjust. The court notes that these issues could have been resolved without court intervention if counsel for FNBO had simply communicated

with counsel for Maverick. Under Rule 37(a)(5), Maverick is entitled to an award for the reasonable expenses and attorney's fees incurred in bringing its motion to compel.

IT IS ORDERED:

1) Maverick's motion to compel (filing no. 67) is granted. First National Bank of Omaha is given until August 2, 2010 to provide its mandatory disclosures pursuant to Fed. R. Civ. P. 26(a) and to provide a full and complete production of the documents requested in Maverick's first request for production of documents.

2) Within 10 days from the date of this order, Maverick's counsel shall provide to FNBO an itemized statement of Maverick's fees and expenses related to bringing this motion. The parties shall attempt in good faith to reach an agreement regarding the amount to be awarded by the court under Rule 37(a), and

   a. If an agreement is reached, on or before August 2, 2010, the parties shall file a joint stipulation setting forth the terms of their agreement.

   b. If no agreement is reached, Maverick's counsel shall file its application for an award of fees and expenses on or before August 6, 2010, and FNBO's response to the fee application shall be filed within ten calendar days thereafter. No reply shall be filed absent leave of the court for good cause shown.

Dated this 22nd day of July, 2010.

BY THE COURT:

s/ *Cheryl R. Zwart*
United States Magistrate Judge