UNITED STATES DISTRICT COURT

DISTRICT OF NEBRASKA

| | |
|---|---|
| LOL Finance Company,<br><br>      Plaintiff,<br><br>v.<br><br>Paul Johnson & Sons Cattle Co., Inc., First National Bank of Omaha, Robert P. Johnson, Keri J. Maloley, John Doe and ABC Company,<br><br>      Defendants.<br><br>―――――――――――――――――<br><br>Paul Johnson & Sons Cattle Co., Inc.,<br><br>      Third-Party Plaintiff,<br><br>v.<br><br>Maverick Feeders, Inc., Shon Sawyer and Julie Sawyer,<br><br>      Third-Party Defendants. | Case No. 09-CV-3224<br><br>**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SANCTIONS** |

### INTRODUCTION

Defendant First National Bank of Omaha ("FNBO") has continued its long pattern of discovery misconduct in this case by completely failing to comply with the Court's Memorandum and Order compelling discovery dated July 14, 2010. (Document No. 79). FNBO's willful and persistent failure and refusal to

comply with its discovery obligations in this case warrants a severe sanction. Plaintiff LOL Finance Company ("LOLFC") respectfully requests the Court to enter a default against FNBO on the issue of liability. LOLFC further requests the Court to compel FNBO to comply with its July 14, 2010, Memorandum and Order or face further sanctions and award LOLFC the reasonable attorney fees it has incurred in bringing this Motion.

## FACTUAL BACKGROUND

As the Court is aware, FNBO has a long history of uncooperative and evasive behavior and discovery misconduct in this case, including the following:

    1.  FNBO failed and refused to participate in the preparation of the parties' Rule 26(f) Report in violation of Rule 26(f) of the Federal Rules of Civil Procedure and the Court's Memorandum and Order dated February 8, 2010. (Miesen MTC Aff. ¶ 2 and Ex. A).

    2.  FNBO failed and refused to make its initial disclosures in violation of Rule 26(a) of the Federal Rules of Civil Procedure and the Court's Memorandum and Order dated February 8, 2010. (Miesen MTC Aff. ¶ 5).

    3.  FNBO failed and refused to provide a written response to LOLFC's First Request for Production of Documents in violation of Rule 34(b) of the Federal Rules of Civil Procedure. (Miesen MTC Aff. ¶ 5).

      4.    FNBO failed and refused to produce any of the documents sought by LOLFC's First Request for Production of Documents in violation of Rule 34(b) of the Federal Rules of Civil Procedure.  (Miesen MTC Aff. ¶ 5).

      5.    FNBO failed and refused to cooperate with efforts by LOLFC's legal counsel to secure compliance with LOLFC's First Request for Production of Documents without intervention by the Court.  (Miesen MTC Aff. ¶¶ 6-10 and Exs. B-E).

      6.    FNBO failed and refused to provide a written response to the Request for Production of Documents of Third-Party Defendant Maverick Feeders, Inc. ("Maverick") in violation of Rule 34(b) of the Federal Rules of Civil Procedure.  (Nichols MTC Aff. ¶¶ 3-4 and Ex. 1).

      7.    FNBO failed and refused to produce any of the documents sought by Maverick's Request for Production of Documents in violation of Rule 34(b) of the Federal Rules of Civil Procedure.  (Nichols MTC Aff. ¶¶ 3-4 and Ex. 1).

      8.    FNBO failed and refused to cooperate with efforts by Maverick's legal counsel to secure compliance with Maverick's Request for Production of Documents without intervention by the Court.  (Nichols MTC Aff. ¶¶ 3-4 and Ex. I).

    Both LOLFC and Maverick were forced to bring Motions to Compel Discovery.  The Court granted LOLFC's Motion to Compel Discovery on July 14, 2010.  (<u>See</u> Document No. 79).  The Court

3

granted Maverick's Motion to Compel Discovery on July 22, 2010. (See Document No. 82).

In its Memorandum and Order granting LOLFC's Motion to Compel Discovery, the Court ordered FNBO to make its disclosures under Rule 26(a) of the Federal Rules of Civil Procedure and to provide a full and complete production of the documents requested by LOLFC's First Request for Production of Documents on or before July 24, 2010. (Memorandum and Order p. 3, ¶ 1).

On July 23, 2010, LOLFC's legal counsel received an electronic-mail message from FNBO's attorney, Janice M. Woolley, stating that her client had provided her with an encrypted disc with data and that her firm was working to access and reproduce the data. Ms. Woolley indicated that she would deliver the materials to LOLFC's legal counsel on July 26, 2010, two days after the deadline set forth in the Court's July 14, 2010, Memorandum and Order. (Miesen Sanctions Aff. ¶ 5 and Ex. A (Plaintiff's Index of Evidence ("PEI" pp. 4 and 7)).

In typical fashion, FNBO did not produce any documents on July 26, 2010, as promised by Ms. Woolley. Neither Ms. Woolley nor FNBO provided LOLFC or its counsel with any further information or explanation concerning FNBO's failure to comply with the Court's July 14, 2010, Memorandum and Order. (Miesen Sanctions Aff. ¶¶ 6-7 (PEI p. 4)).

4

FNBO has wholly failed to comply with the Court's July 14, 2010, Memorandum and Order. FNBO has failed to make any of the disclosures required by Rule 26(a) of the Federal Rules of Civil Procedure. FNBO has failed to provide a written response to LOLFC's First Request for Production of Documents. Finally, FNBO has not produced a single document in response to LOLFC's First Request for Production of Documents. (Miesen Sanctions Aff. ¶ 8 (PEI p. 4)).

FNBO's persistent and willful failure and refusal to comply with its discovery obligations in this case is severely hampering LOLFC's efforts to prosecute its claims and prepare this case for trial. LOLFC is currently scheduled to take the depositions of Defendants Robert P. Johnson and Keri J. Maloley on August 5 and 6, 2010, respectively. LOLFC is currently scheduled to take the deposition of FNBO's loan officer, Chris Kalkowski, on August 12, 2010. LOLFC has already arranged for air travel, accommodations and a court reporter for these depositions. LOLFC needs the documents that FNBO was supposed to produce to prepare for and take these depositions. FNBO's failure to produce those documents is interfering with LOLFC's ability to prepare for and take these depositions, which, upon information and belief, is FNBO's objective. (Miesen Sanctions Aff. ¶ 9 (PEI p. 5)).

## ARGUMENT

**THE COURT SHOULD SANCTION FNBO BASED UPON ITS WILLFUL AND PERSISTENT FAILURE TO COMPLY WITH ITS DISCOVERY OBLIGATIONS IN THIS CASE.**

Rule 37(b)(2) of the Federal Rules of Civil Procedure governs the sanctions to be issued by a court in which an action is pending based upon a party's failure to comply with a discovery order. Rule 37(b)(2) provides that if a party fails to obey an order to provide discovery, the court in which the action is pending may make such orders in regard to the failure as are just, including an order "rendering a judgment by default against the disobedient party." Fed.R.Civ.P. 37(b)(2)(C). The entry of judgment by default is warranted where the disobedient party's failure to comply is due to willfulness or is part of a pattern of discovery misconduct. See, e.g., Comiskey v. JFTJ Corp., 989 F.2d 1007, 1009 (8th Cir. 1993); Big Rig Repair, Inc. v. Heatflexx, Inc., 2009 U.S. Dist. LEXIS 53852 *4 (D. Neb. 2009); U.S. v. $100,000 in United States Currency, 2008 U.S. Dist. LEXIS 116962 **4-5 (D. Neb. 2008); Onkka v. Herman, 1997 U.S. Dist. LEXIS 15058 *7 (D. Neb. 1997). The term "willful" in this context means "a conscious or intentional failure to act, as distinguished from accidental or involuntary." Onkka at *9 (quoting Omaha Indian Tribe v. Tract I-Blackbird Bend Area, 933 F.2d 1462, 1468 (8th Cir. 1991)).

In this case, FNBO's failure to comply with the Court's July 14, 2010, Memorandum and Order was clearly "willful." FNBO was given ten days from the date of the Court's Memorandum and Order (in addition to almost four months prior to the issuance of the Court's Memorandum and Order) to make the simple disclosures required by Rule 26(a) and to produce documents in response to fourteen document requests. (See Miesen MTC Aff. ¶ 3). There is no legitimate reason why FNBO could not have complied with this limited discovery. Even if there were some problem accessing and reproducing electronic data, as recently suggested by FNBO's attorney, there is no excuse for FNBO's complete failure to make its Rule 26(a) disclosures or provide a written response to LOLFC's First Request for Production of Documents. (Miesen Sanctions Aff. ¶ 8 (PEI p. 4)). FNBO's willfulness is confirmed by the undisputed fact that its failure to comply with the Court's July 14, 2010, Memorandum and Order is part of a long and inexcusable pattern of discovery misconduct in this case, including failure and refusal to participate in framing a discovery plan, failure and refusal to make initial disclosures, failure and refusal to respond to the discovery requests of LOLFC and Maverick and failure and refusal to respond to efforts by LOLFC and Maverick to avoid intervention by the Court. (Id. ¶ 2(a)-(h) (PEI pp. 2-3)). FNBO's misconduct has unreasonably delayed this case and is

interfering with LOLFC and Maverick's efforts to prosecute their claims and defenses and prepare this case for trial. (Id. ¶ 9 (PEI p. 5)). Under these circumstances, as indicated in the cases cited above, entry of default on the issue of liability is clearly warranted.

FNBO should also not be relieved of its obligation to comply with the Court's July 14, 2010, Memorandum and Order. The discovery sought by LOLFC from FNBO is necessary for LOLFC's claims against the other Defendants in this case. (Miesen Sanctions Aff. ¶ 9 (PEI p. 5)). Accordingly, the Court should direct FNBO to immediately comply with its July 14, 2010, Memorandum and Order or face further sanctions. See Carlson v. Freightliner, LLC, 226 F.R.D. 343, 372-73 (D. Neb. 2004)(a party is obligated to comply with a discovery order despite imposition of sanctions for failure to comply where information sought is necessary for remaining issues).

Finally, Rule 37(d)(2) requires a party disobeying a discovery order to pay the reasonable attorney fees incurred by the discovering party, unless the Court finds that the disobeying party's failure was "substantially justified" or that other circumstances make an award of such expenses unjust. FNBO's failure to respond to the Court's July 14, 2010, Memorandum and Order was not justified at all, let alone substantially justified. Moreover, there are no circumstances

8

that would make an award of attorney fees unjust. Accordingly, FNBO should also be required to pay the reasonable attorney fees incurred by LOLFC in bringing this Motion.

## CONCLUSION

For all of the foregoing reasons, LOLFC respectfully requests the Court to issue an Order as follows:

1. Entering a default against FNBO on the issue of liability;

2. Ordering FNBO to immediately comply with the Court's July 14, 2010, Memorandum and Order or face further sanctions; and

3. Awarding LOLFC the reasonable attorney fees it incurred in bringing this Motion.

                                    Respectfully submitted,

                                    STOEL RIVES LLP

Dated: July 28, 2010        By:  s/Jonathan C. Miesen
                                        Jonathan C. Miesen
                                        Minn. Atty. Reg. No. 19752X

                                    Suite 4200
                                    33 South Sixth Street
                                    Minneapolis, MN 55402
                                    Telephone: (612) 373-8810
                                    Facsimile: (612) 373-8881
                                    E-mail: JCMiesen@stoel.com

                                    Attorneys for Plaintiff

70200565.1 0099999-00001