UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| LOL FINANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT P. JOHNSON AND KERI J. MALOLEY, Individually and dba PAUL JOHNSON & SONS CATTLE CO., INC., JOHN DOE, ABC COMPANY, and FIRST NATIONAL BANK OF OMAHA,<br><br>Defendants<br><br>- - - - - - - - - - - - - - - - - - - - - - - - - - -<br><br>PAUL JOHNSON & SONS CATTLE CO., INC.,<br><br>Third Party Plaintiff,<br><br>v.<br><br>MAVERICK FEEDERS, INC. , a South Dakota corporation, SHON SAWYER and JULIE SAYWER, husband and wife,<br><br>Third Party Defendants. | No. 09-cv-3224<br>Judge Kopf<br><br><br><br>BRIEF IN SUPPORT OF MOTION FOR ADDITIONAL SANCTIONS |

## INTRODUCTION

First National Bank's discovery abuses are now well-documented in this case. *See* DKT # 87. Another problem can be added to the list as the Bank has violated yet another Court Order by its continued failure to respond to Maverick's document requests. We

have no indication that the Bank intends to comply without further judicial intervention. Under the circumstances, it is appropriate for the Court to strike the Bank's answer to Maverick's crossclaim and enter judgment by default.

## ARGUMENT AND AUTHORITY

Default against the Bank in this action is well-justified at this point, and really the only additional consequence appropriate to the conduct. The record demonstrates all of the following:

- The Bank never completed initial disclosures as required by the Court's Progression Order;

- The Bank has not provided written responses to document requests served by two parties dating back to March and April of this year;

- The Bank has not produced a single document in this document-intensive case.

- The Bank continues to be deficient in its discovery responses to all parties, despite two separate court orders compelling production on specific dates (July 24 and August 2). *See* DKT # 79 and 82.

- The Bank is in violation of three separate court orders regarding discovery in this case. *See* DKT # 51, 79 and 82.

- The Scheduling Order has been amended once already as a result of the Bank's refusal to answer discovery. *See* DKT 51 and 79.

In short, the Bank is not doing <u>anything</u> to defend this case, nor is it making any effort to answer discovery. It is thus effectively in default and the Court should enter an order as such.

The remedy here, though harsh, is well supported by both the rules and case law. For example, FRCP 37(b)(2)(vi) permits the Court to enter judgment by default against a disobedient party. The rules further permit the striking of pleadings and defenses, that facts be established as true for the purposes of the action, and holding a party in contempt. *See id.* Here the Bank's willful failure to respond to three discovery orders should not be taken lightly as this conduct certainly tests the extremes which Rule 37(b)(2) is designed to protect against. The Court has already ordered the Bank to answer discovery and it refuses to do so.

Specific to the facts of this case, there is certainly precedent within this Circuit and this District for entry judgment by default as a discovery sanction in a contested case. *See e.g. Comiskey v. JFTJ Corp.,* 989 F2d 1007, 1009 8th Cir. 1993; *Onkka v. Herman,* 1997 WL 1037762(d) (Neb. 1997)(granting default judgment against the plaintiff for failure to participate in the pretrial planning process as ordered by the court); *Boogaerts v. Bank of Bradley,* 961 F2d 765 (8th Circuit 1992)(Striking part of complaint and holding plaintiff in default as a discovery sanction); *Avionic Co. v. General Dynamics Corp.,* 957 F2d 555 (8th Circuit 1992)(Plaintiff's complaint was dismissed as a sanction for failure to comply with magistrate's discovery order compelling deposition testimony). Of course, we have multiple court orders which have been violated, a clear and intentional failure to

act and willful refusal to participate in the discovery process. As such, strong medicine is now needed to cure this pervasive problem.

A party need not first seek an order to compel discovery before obtaining a default remedy. *See Wright v. Structo Div. Of Eljer Mfg., Inc.*, 623 NE2d 694 (Ohio 1993). This is particularly true when there has been no attempt by a defendant to provide even partial answers to discovery. *Id. at* 696; *Deyo v. Kilbourne*, 84 Cal App 3d 771 (Cal App 1978); *Mayer v. Interstate Fire Ins. Co.*, 254 SE2d 825 (Ga. 1979): *Bratten Apparel Inc. v. Lyons Textile Mill, Inc.*, 199 SE2d 632 (Ga. 1973); *Saldivar v. Facit-Addo, Inc.*, 620 SW2d 778 (Tex. App. 1981). In fact, several courts have even struck a defendant's pleading for partially or incompletely answering discovery and without the plaintiff first moving to compel. *See e.g. First Citizens Bank & Trust Co. v. Powell*, 292 SE2d 731 (NC App 1982); *Drozd Corp v. Capital Glass & Mirror Co.*, 568 P2s 734 (Utah 1977); *612 N. Michigan Ave. Bldg. Corp. v. Factsystems Inc.*, 340 NE2d 678 (Ill 1978); *Interchemical Corp.v. Uncas Printing & Finishing Co.*, 120 A2d 880 (NJ 1956).

Here an equally severe sanction is appropriate. The Bank has not even tried to abide by the Court's orders related to discovery. More remarkably the Bank offers no excuse for failing to comply. It just chooses to whistle pass the graveyard. The record is completely void of any indication to the contrary.

Maverick worked to courteously resolve this matter, reluctantly sought judicial intervention, and is without any further recourse to press the issue. The other parties to this action have spent considerable time serving and answering discovery and have exchanged over 1,500 documents. The Bank's complete refusal to participate in this

process, in violation of multiple court orders, and without excuse, is beyond excuse and frankly offensive to those lawyers who work diligently to comply with the rules.

Beyond the brazen lack of compliance, the Bank's conduct has also caused real prejudice to Maverick. As the record reveal, the Plaintiff and Maverick have requested several forms of documents from the Bank as well as from Johnson and Son Cattle Company. *See* attachment to DKT #67. Johnson responded to several document requests by indicating, in part, that many of the documents requested were in the Bank's possession. *Id.* Maverick is dependent upon the documents within the Bank's possession to press its claim. Trial is scheduled for this upcoming and Maverick has received no documents from the Bank vital to its claim.

This case involves questions over a significant amount of money. As an example, over $600,000 is currently being held in trust pending resolution of the claims. *See* DKT # 18. The parties that participated in the pretrial planning adopted a very short time-frame for discovery. In addition to the disrespect to the Court, the Bank's conduct has resulted in delay and has otherwise clouded resolution of these issues. Severe sanctions are thus appropriate.

## CONCLUSION

For all the reasons contained herein and as revealed by the record before the Court, Maverick respectfully requests that the Court enter an order striking the Bank's Answer and entering default judgment on the issue of liability.

Dated this 3rd day of August, 2010.

                        Cadwell Sanford Deibert & Garry, LLP

                        _____
                        Shawn M. Nichols
                        200 East 10th Street, Suite 200
                        PO Box 2498
                        Sioux Falls, SD  57104-2498
                        (605) 336-0828
                        For Defendant and Third Party Plaintiff