IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LOL FINANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CV3224 |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT P. JOHNSON, individually and, | ) | MEMORANDUM AND ORDER |
| KERI J. MALOLEY, individually and, | ) | |
| JOHN DOE, ABC COMPANY, FIRST | ) | |
| NATIONAL BANK OF OMAHA, and | ) | |
| PAUL JOHNSON & SONS CATTLE CO.,) | | |
| Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on plaintiff LOL Finance Company's ("LOL Finance") Motion For Sanctions (filing no. 83) and Third Party Defendant/Cross Claimant, Maverick Feeders, Inc.'s (Maverick Feeders) Motion for Additional Sanctions (filing no. 89) against defendant First National Bank of Omaha (FNBO).

A hearing was held on the pending motions before the undersigned Magistrate Judge on August 9th, 2010. The record reveals, and counsel for FNBO does not dispute, the following facts:

- FNBO did not participate in the Fed. R. Civ. P. 26(f) planning meetings or report, despite the repeated attempts by the other parties to include FNBO's counsel in the planning process. The Rule 26(f) report was filed on March 22, 2010 (filing no. 50). The final progression order in this case was issued April 6, 2010 (filing no. 51).

- LOL Finance served its First Requests for Production of Documents on March 23, 2010.

- Mandatory disclosures pursuant to Fed. R. Civ. P. 26(a) were due April 9, 2010. FNBO did not serve the mandatory disclosures until August 6, 2010 (filing no. 98)

- Maverick Feeders served its First Requests for Production of Documents on FNBO on April 14, 2010.

- Communication between counsel regarding the outstanding issues with the Requests for Production and mandatory disclosures occurred on the following dates:

  - April 27, 2010 (fax from LOL Finance to FNBO);
  - May 5, 2010 (email from LOL Finance to FNBO);
  - May 14, 2010 (letter from LOL Finance to FNBO requesting conference);
  - May 21, 2010 (letter from Maverick Feeders to FNBO requesting production and mandatory disclosures);
  - May 25, 2010 (conference between LOL Finance and FNBO)
  - June 2, 2010 (email from Maverick to FNBO requesting update on mandatory disclosures and production);
  - June 4, 2010 (email and conference call between Maverick Feeders and FNBO);
  - June 8, 2010 (email from Maverick Feeders to FNBO requesting a firm date for discovery responses).

  Each of the above requests either produced no response from FNBO or was met with unfulfilled assurances from FNBO's counsel that the production would occur without further delay.

- LOL Finance filed a Motion to Compel on June 9, 2010 (filing no. 55).  FNBO responded by brief on June 28, 2010, arguing some of the requested documents were subject to the attorney/client privilege and that FNBO's records were being searched for other non-privileged documents (filing no. 66).

- Maverick Feeders filed a Motion to Compel, including a request for attorneys fees, on June 28, 2010 (filing no. 67).

- The undersigned Magistrate Judge entered an order on July 14, 2010 requiring FNBO  to produce mandatory disclosures and documents to LOL Finance by July 24, 2010 (filing no. 79).  The order also instructed FNBO to produce a

2

privilege log for any documents for which it claimed protection under the attorney/client privilege.

- The undersigned Magistrate Judge entered order on July 22, 2010 requiring the production of mandatory disclosures and documents to Maverick Feeders by August 3, 2010 (filing no. 82). The order granted Maverick Feeders an award of reasonable attorneys' fees and expenses incurred in the preparation of its Motion to Compel.

- LOL Finance filed a second Motion to Compel and Request for Sanctions on July 28, 2010, alleging FNBO had not complied with the July 14, 2010 order (filing no. 83).

- Maverick Feeders filed a second Motion to Compel and Request for Further Sanctions on August 3, 2010, alleging FNBO has not complied with the July 22, 2010 order (filing no. 89). Maverick Feeders filed an affidavit is support of its previously granted request for attorneys' fees ($1,391.25) (filing no. 95).

- FNBO filed its mandatory disclosures on August 6, 2010 (filing no. 98) and began producing documents responsive to LOL Finance's and Maverick Feeders' respective requests for production of documents on August 9, 2010.

At the hearing held today, FNBO's counsel disclosed FNBO continues to withhold "20 or so" emails on the basis of attorney/client privilege, though no privilege log has ever been created and served on the parties. FNBO's counsel accepts full and complete responsibility for FNBO's substantially unjustified and dilatory responses to discovery. She explains she failed to prepare discovery responses on behalf of her client due to the press of other matters, her failure to request help from others within her firm, and underlying health issues. FNBO's failure to timely raise attorney/client and work product objections justifies a finding that these protections from discovery have been waived.

IT IS ORDERED:

1. FNBO shall file with this court, by 12:00 p.m (noon) on August 10, 2010, the "20 or so" emails between FNBO employee Chris Kalkowski and others for which FNBO is claiming protection under the attorney/client privilege or work

product doctrine.  The filing shall be made **under seal,** and supported by a privilege log or other evidence the court should consider when it conducts an in camera review of the documents to determine whether FNBO may avoid production of the documents.

2.    By 5:00 p.m. on Wednesday, August 11, 2010, FNBO must complete the following actions:

    a.    Produce all remaining documents subject to LOL Finance's and Maverick Feeders' respective First Requests for Production of Documents;

    b.    Provide FNBO's "contact history reports" for the three month time period missing from its prior production responses, or provide a reasonable explanation to LOL and Maverick as to why this information should not be ordered produced;.

    c.    Produce the information redacted from documents FNBO has produced to LOL Finance and Maverick Feeders, or provide to LOL and Maverick a reasonable explanation as to why the redacted portions should not be produced;

3.    By 5:00 p.m. on Wednesday, August 11, 2010, attorney J.P. Sam King or another experienced attorney admitted to practice in federal court, shall enter an appearance and begin assisting FNBO's current counsel with FNBO's representation in this case.  The new counsel shall make prompt and reasonable efforts to become familiar with the issues and facts of this case.

4.    Within fourteen (14) days of the date of this order, the following actions must be completed:

    a.    The parties will discuss and attempt to reach a resolution regarding the necessity and scope of any supplemental depositions of the previously deposed employees of Paul Johnson & Sons Cattle Co.   Any supplemental deposition will be limited to new matters raised by or within documents produced by FNBO after the depositions were conducted.  To the extent any supplemental depositions are needed due to FNBO's dilatory discovery responses, FNBO will be responsible for the reasonable costs and expenses of these supplemental depositions. If the parties reach an agreement regarding supplemental depositions,

they shall file a joint stipulation reflecting that agreement on or before August 25, 2010.

      b.    Counsel for LOL Finance, Maverick Feeders and FNBO will discuss and attempt to reach a resolution on LOL Finance's and Maverick Feeders' respective motions for fees, including those for the preparation of the Motions to Compel and the attendance at the related hearing on the matter. If the parties reach an agreement on fee sanctions, they shall file a joint stipulation reflecting that agreement on or before August 25, 2010.

5.    If the discussions mandated in Paragraphs 4(a) & (b) of this order do not result in an amicable resolution, the parties shall file the appropriate motions on the outstanding issues no later than twenty-one (21) days from the date of this order. With respect to any motions regarding attorneys' fees, the motion shall be accompanied by an affidavit describing, in detail, the time spent by the attorney in preparation of the motions and attendance at the hearing and the amount of requested fees and expenses.

6.    To facilitate expediting the future discovery processes, any additional documents produced by FNBO should be forwarded, after a reasonable review, immediately from counsel to the requesting party on an ongoing basis rather than withholding documents in an attempt to compile the responses for into a single set.

7.    LOL Finance's and Maverick Feeder's respective motions for entry of default or default judgment are denied without prejudice. However, the court will closely monitor FNBO's future participation and conduct in this case and will revisit the possible default sanction if needed.

DATED this 9th day of August, 2010.

BY THE COURT:

s/ *Cheryl R. Zwart*
United States Magistrate Judge

5