IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LOL FINANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | 4:09CV3224 |
| ) | |
| v. ) | |
| ) | |
| ROBERT P. JOHNSON, individually ) | MEMORANDUM & ORDER |
| and, KERI J. MALOLEY, individually ) | |
| and, JOHN DOE, ABC COMPANY, ) | |
| FIRST NATIONAL BANK OF ) | |
| OMAHA, and PAUL JOHNSON & ) | |
| SONS CATTLE CO., Inc., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Upon the court's order (filing no. 103), defendant First National Bank of Omaha ("FNBO") filed a number of email messages under seal (the "Sealed Emails") in an attempt to avoid production of the documents based on the attorney-client privilege. FNBO also filed a privilege log in conjunction with the filing of the Sealed Emails (filing no. 105). FNBO asserts that the Sealed Emails are protected from discovery under the attorney-client privilege. Plaintiff LOL Finance Company ("LOL Finance") and Third Party Defendant/Cross Claimant Maverick Feeders, Inc. ("Maverick Feeders") have requested the production of these documents.[1]

---

[1] LOL Finance's and Maverick Feeders' respective Requests for Production of Documents are not identical. FNBO is apparently attempting to withhold production of the Sealed Emails in response to LOL Finances' Motion to Compel. This order will also apply to Maverick Feeders' Requests for Production, to the extent any of the Sealed Emails are responsive to Maverick Feeders' requests.

A full account of the facts surrounding the discovery dispute in this case is contained in my order of August 9, 2010 (filing no. 103). Facts pertinent to this particular matter are as follows:

- Plaintiff LOL Finance served its First Request for Production of Documents on FNBO on March 23, 2010. FNBO did not respond to these requests.

- Third Party Defendant/Cross Claimant Maverick Feeders served its First Request for Production of Documents on FNBO on April 14, 2010. FNBO did not respond to these requests.

- On June 9, 2010 LOL Finance filed a Motion to Compel FNBO to respond to its Requests for Production of Documents (filing no. 55). FNBO filed a Resistance on June 28, 2010 and asserted attorney-client privilege over an unspecified number of documents.

- On June 28, 2010 Maverick Feeders filed a Motion to Compel (filing no. 67). FNBO did not offer a resistance to Maverick Feeders' motion.

- In response to LOL Finance's Motion to Compel, the court issued an order on July 14, 2010 requiring FNBO to produce all non-privileged documents and to file a privilege log for all documents for which FNBO was asserting attorney-client protection by July 24, 2010 (filing no. 79). FNBO did not comply with the order.

- In response to Maverick Feeders' Motion to Compel, the court issued an order on July 22, 2010 requiring FNBO to produce all requested documents (filing no. 82). In that order, the court held FNBO had waived any privileges that would otherwise attach to the requested documents. FNBO did not comply with the order.

- Due to FNBO's noncompliance with the previously issued orders, LOL Finance and Maverick Feeders each filed additional Motions for Sanctions against FNBO (respectively, filing no. 89 and filing no. 95).

- A hearing was held on the matter on August 9, 2010. Subsequent to the hearing, the court issued an order requiring FNBO to file, under seal, any documents for which it claimed attorney-client privilege along with a privilege

> log (filing no. 103). FNBO filed the documents in question (filing no. 104) and the corresponding privilege log (filing no. 105) on August 10, 2010.
>
> • LOL Finance submitted additional information by way of a letter filed on August 10, 2010 (filing no. 106), asserting that the attorney-client privilege has been waived for many of the Sealed Emails because FNBO had previously produced emails regarding the same subject matter and between the same parties as the Sealed Emails. LOL Finance submitted a sample of the previously produced emails.

As the court's previous order stated, "FNBO's failure to timely raise attorney/client and work product objections justifies a finding that these protections from discovery have been waived." Filing No. 103, at CM/ECF p. 3. However, all discovery rules must be "construed and administered to secure the just . . . determination of every action and proceeding." Fed. R. Civ. P. 1. To that end, the court ordered and conducted an *in camera* review of the documents. Having now had an opportunity to review the Sealed Emails and relevant law, the court finds the attorney-client privilege has been waived and FNBO must produce all of the Sealed Emails forthwith, and no later than by 5:00 p.m. on August 11, 2010.

FNBO's repeated history of unresponsiveness to the discovery requests of the other parties in this case and its total disregard for the discovery process and this court's previous orders, provide ample grounds for which this court can find a waiver of all of FNBO's objections, including those based on the attorney-client privilege and work product doctrines, to the discovery requests in question. See Fed. R. Civ. P. 33(b)(4); Kansas-Nebraska Natural Gas Co. v. Marathon Oil Co., 109 F.R.D. 12, 24 (D. Neb. 1985).

In addition to the well documented misconduct of FNBO, it now appears that FNBO has already intentionally produced several documents between FNBO employee Chris Kalkowski and counsel for FNBO. Fed. R. Evid. 502(a) provides:

3

> When the disclosure is made in a Federal proceeding . . . and waives the attorney-client privilege or work-product protection, the waiver extends to an undisclosed communication or information in a Federal . . . proceeding only if:
>
> > (1)   the waiver is intentional;
> >
> > (2)   the disclosed and undisclosed communications or information concern the subject matter; and
> >
> > (3)   they ought in fairness to be considered together.

Many of the alleged protected Sealed Emails appear to pertain to the same subject matter as the emails between FNBO and counsel which were previously and intentionally disclosed. The Sealed Emails should, in fairness, be considered together with those already produced.

In reviewing the Sealed Emails, the court was also mindful that opinion work product, which encompasses counsel's mental impressions, conclusions, opinions or legal theories, enjoys "substantially greater protection than ordinary work product." In re Green Grand Jury Proceedings, 492 F.3d 976, 980 (8th Cir. 2007). Upon review of the Sealed Emails, the court finds the emails do not contain opinion work product worthy of protection from discovery under the circumstances presented in this case.

Finally, the privilege log submitted by FNBO leaves much to be desired. This court previously provided guidance to FNBO on the required elements of a privilege log. See filing no. 79. The submitted privilege log does not provide any description of the content of the documents. The privilege log also contains documents for which the privilege is questionable without further explanation. For instance, entry (e) contains an email from Keri Maloley, a defendant in this action, to Chris Kalkowski, an employee of FNBO. Neither Keri Maloley or Chris Kalkowski are counsel in this case. The Sealed Emails also

contain correspondence between counsel for FNBO and attorney David Domina, who is counsel of record for Paul Johnson & Sons Cattle Co.  FNBO offers no explanation as to why the attorney-client privilege should extend to these documents.

Although this court is reluctant to find a party has waived the attorney-client privilege or, to the extent raised, work product protection, the court simply cannot ignore the disregard for the discovery process and the applicable law regarding the waiver of privilege and confidentiality.

IT IS ORDERED:

1) FNBO has waived the attorney-client privilege with respect to the Sealed Emails (filing no. 104) and, shall produce the same forthwith, and no later than by 5:00 p.m. on August 11, 2010.

2) The motions to compel, (filing nos. 83 and 89) are granted as set forth in this order and the court's previous order, (filing no. 103).

3) The sanctions issues raised by the parties' motions shall be presented to the court in accordance with filing no. 103, and accordingly, filing no. 95 will remaining pending at this time.

August 11, 2010.                    BY THE COURT:

                                     *s/ Cheryl R. Zwart*
                                     United States Magistrate Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.