UNITED STATES DISTRICT COURT

DISTRICT OF NEBRASKA

---

| | |
|---|---|
| LOL Finance Company,<br><br>   Plaintiff,<br><br>v.<br><br>Paul Johnson & Sons Cattle Co., Inc., First National Bank of Omaha, Robert P. Johnson Keri J. Maloley, John Doe and ABC Company,<br><br>   Defendants.<br>_____<br><br>Paul Johnson & Sons Cattle Co., Inc.,<br><br>   Third-Party Plaintiff,<br><br>v.<br><br>Maverick Feeders, Inc., Shon Sawyer and Julie Sawyer,<br><br>   Third-Party Defendants. | Case No. 09-CV-3224<br><br>**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTIONS FOR SANCTIONS** |

---

**REPLY ARGUMENT**

As outlined in Plaintiff's Renewed and Verified Motion for Sanctions, Defendant First National Bank of Omaha ("FNBO") has persisted in its failure to comply with the Court's Orders dated July 14, 2010 (Document No. 79), August 2, 2010 (Document No. 87), and August 9, 2010 (Document No. 103).  FNBO has also

failed to provide any legitimate excuse for its ongoing failures.

During the hearing on Plaintiff's Motion for Sanctions on August 9, 2010, Plaintiff's counsel detailed the documents that FNBO failed to produce in response to Plaintiff's First Request for Production of Documents and the Court's Orders dated August 2, 2010, and August 9, 2010.  After the hearing, Plaintiff's counsel sent an electronic-mail message to FNBO's attorney detailing those documents so that there would be no confusion or misunderstanding and so they would be produced prior to the deposition of FNBO's representative, Chris Kalkowski, on August 12, 2010.  (Supp. Miesen Aff. ¶ 2 and Ex. A).

The documents specified during the hearing and in the electronic-mail message sent by Plaintiff's counsel specifically included telephone records for late September and October 2009. (Supp. Miesen Aff. Ex. A). These records were and are critical because the cattle collateral at issue in this case were sold during this time and many of the communications between FNBO and the other Defendants, FNBO and Plaintiff and FNBO and its attorneys took place during this time. (Id. ¶ 3).

At the start of Mr. Kalkowski's deposition, Plaintiff's counsel asked FNBO's attorney why records, including the telephone records, had not been produced as required by the Court's Order dated August 9, 2010, which required the documents

2

to be produced by 5:00 p.m. on August 11, 2010, so they could be used during the deposition. Despite the Court's Orders and despite the electronic-mail message sent by Plaintiff's counsel, FNBO's attorney responded that she purportedly forgot to ask FNBO to produce the telephone records. (Supp. Miesen Aff. ¶ 4).

Contrary to FNBO's insinuations, FNBO's failure to produce the telephone records was not harmless or inconsequential. Although counsel were able to examine Mr. Kalkowski regarding his Contact History Report, that document does not reference any telephone conversations during September or October 2009. (Supp. Miesen Aff. ¶ 5 Ex. B). Similarly, counsel were able to examine Mr. Kalkowski about Plaintiff's internal electronic-mail messages regarding certain telephone conversations, but those messages only identify limited conversations between Plaintiff's representatives and Defendants, not telephone conversations between the Defendants, which are critical to the conspiracy claims in this case. (Id. and Ex. C).

On October 13, 2010, the day after Mr. Kalkowski's deposition, FNBO produced some additional telephone records for the fall of 2009. The records reflect numerous, lengthy telephone conversations during October and November 2009 between FNBO and Plaintiff's representatives, FNBO and the other Defendants and FNBO and its attorneys. (Supp. Miesen Aff. ¶ 6). It appears that a number of the telephone conversations were

3

conference calls, but the true nature of the conversations cannot be determined solely from the records. These records are critical to this case. Counsel spent a large amount of time during Mr. Kalkowski's deposition asking him about the telephone records prior to the end of September 2009. Counsel would have spent as much or more time asking Mr. Kalkowski about the telephone records reflecting conversations after September 2009 if they had been properly produced in response to the Court's Orders. Counsel were unfairly deprived of that opportunity and FNBO's attorney's explanation that she forgot to ask for those records, despite multiple Orders of the Court and the electronic-mail message sent by Plaintiff's counsel, is simply inexcusable.

**CONCLUSION**

For all of the foregoing reasons, as well as the reasons expressed in its prior filings, Plaintiff respectfully requests the Court to grant its sanctions motions in all respects.

Respectfully submitted,

STOEL RIVES LLP

Dated: August 18, 2010         By: s/Jonathan C. Miesen
                                   Jonathan C. Miesen
                                   Minn. Atty. Reg. No. 19752X

                               Suite 4200
                               33 South Sixth Street
                               Minneapolis, MN 55402
                               Telephone:  (612) 373-8810
                               Facsimile:  (612) 373-8881
                               E-mail:     JCMiesen@stoel.com

                               Attorneys for Plaintiff

70231506.1 0099999-00001