UNITED STATES DISTRICT COURT

DISTRICT OF NEBRASKA

| | |
|---|---|
| LOL Finance Company,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Paul Johnson & Sons Cattle Co., Inc., First National Bank of Omaha, Robert P. Johnson Keri J. Maloley, John Doe and ABC Company,<br><br>　　　　Defendants.<br><br>―――――――――――――――――<br><br>Paul Johnson & Sons Cattle Co., Inc.,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>Maverick Feeders, Inc., Shon Sawyer and Julie Sawyer,<br><br>Third-Party Defendants. | Case No. 09-CV-3224<br><br>**PLAINTIFF'S MOTION REGARDING OUTSTANDING ISSUES CONCERNING SANCTIONS MOTIONS** |

　　　　Pursuant to the Court's Memorandum and Order filed on August 19, 2010 (Document No. 116), Plaintiff LOL Finance Company ("LOLFC") respectfully states as follows:

　　　　1.　The Court's Memorandum and Order required the parties to try to reach a resolution regarding: (a) the supplemental deposition of Christopher Kalkowski; and (b) LOLFC's motions (plural) for sanctions.  (Memorandum and Order pp. 1-2).

2.      LOLFC, Defendants and Third-Party Defendants reached an agreement regarding the supplemental depositions of not only Mr. Kalkowski, but also the supplemental depositions of Defendants Robert P. Johnson and Keri J. Maloley.  The supplemental depositions of Mr. Johnson and Ms. Kalkowski were necessary based upon the voluminous, additional documents produced by Defendant First National Bank of Omaha ("FNBO") after their initial depositions.  The parties agreed that the supplemental depositions would take place in Omaha, Nebraska, on Thursday, September 2, 2010, and that FNBO and/or its counsel of record would reimburse LOLFC and Third-Party Defendants for certain fees and costs relating to the supplemental depositions. (Miesen Aff. ¶ 3 and Exs. A-B).

3.      Before the Stipulation could be filed, FNBO decided to retain new legal counsel.  William B. Hargens and Thomas O. Kelley from the law firm of McGrath, North Mullin & Kratz, PC LLO, filed Appearances on behalf of FNBO on August 27, 2010 (Document Nos. 122-23).  Motions to withdraw were filed by FNBO's counsel of record, Ms. Woolley and James P. ("Sam") King, on the same date.  (Document Nos. 124-25).

4.      Based upon its decision to retain new legal counsel, FNBO has apparently decided to back out of the Stipulation agreed upon counsel of record for all of the parties in this case relating to the supplemental depositions.  Instead, FNBO

2

filed a Motion on August 27, 2010, requesting that most of the deadlines in this case (e.g., expert disclosures, discovery, dispositive motions, etc.) be pushed out so that its new counsel can try to improve its position in this case. (See Document Nos. 126-27). FNBO's new counsel has also requested that the supplemental depositions be rescheduled to later dates. (Miesen Aff. ¶ 5).

5. No agreement has been reached regarding the sanctions to be imposed upon FNBO based upon its failure to comply with the Court's Orders dated July 14, 2010 (Document No. 79), August 2, 2010 (Document No. 87), and August 8, 2010 (Document No. 103). (Miesen Aff. ¶ 6).

6. FNBO and/or Ms. Woolley have agreed to reimburse LOLFC for the attorney fees incurred in connection with the multiple sanctions motions. As indicated above, FNBO and Ms. Woolley also agreed to reimburse LOLFC for certain fees and expenses related to the supplemental depositions. LOLFC's counsel provided Ms. Woolley with an itemized list of attorney fees incurred in connection with the sanctions motions. (Miesen Aff. ¶ 7 and Ex. C). FNBO and Ms. Woolley approved these fees. (Id. at Ex. D). Nevertheless, as of the date of this Motion, neither FNBO nor Ms. Woolley has reimbursed LOLFC for any of the approved fees. (Id.).

7. LOLFC originally took the position that a default judgment on the issue of liability should be entered against FNBO, but recently agreed to accept a waiver of FNBO's affirmative defenses to try to settle the sanctions motions. FNBO rejected this proposal. Despite the fact that it has yet to reimburse LOLFC for any of the fees it incurred in connection with any of the sanctions motions and despite the fact that it is now backing out of its agreement regarding the supplemental depositions, FNBO apparently believes that it has been punished enough in this case. (Miesen Aff. ¶ 8).

8. Based upon the foregoing, LOLFC respectfully requests the Court grant its sanctions motions and levy a sanction against FNBO that the Court deems appropriate under the circumstances.

Respectfully submitted,

STOEL RIVES LLP

Dated: August 30, 2010        By: s/Jonathan C. Miesen
                                  Jonathan C. Miesen
                                  Minn. Atty. Reg. No. 19752X

                              Suite 4200
                              33 South Sixth Street
                              Minneapolis, MN 55402
                              Telephone: (612) 373-8810
                              Facsimile: (612) 373-8881
                              E-mail:    JCMiesen@stoel.com

                              Attorneys for Plaintiff

70248092.1 0099999-00001