IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LOL FINANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CV3224 |
| | ) | |
| V. | ) | |
| | ) | |
| ROBERT P. JOHNSON, individually | ) | MEMORANDUM AND ORDER |
| and, KERI J. MALOLEY, individually | ) | |
| and, JOHN DOE, ABC COMPANY, | ) | |
| FIRST NATIONAL BANK OF | ) | |
| OMAHA, and PAUL JOHNSON & | ) | |
| SONS CATTLE CO., Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| PAUL JOHNSON & SONS CATTLE | ) | |
| CO., INC, | ) | |
| | ) | |
| Third Party Plaintiff, | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| | ) | |
| MAVERICK FEEDERS, INC., SHON | ) | |
| SAWYER and JULIE SAWYER. | ) | |
| | ) | |
| Third Party Defendants | ) | |

This matter is before the court on:

- The motion for leave to withdraw as counsel for defendant First National
  Bank of Omaha ("FNBO") filed by Janice M. Woolley, (filing no. 124);

- The motion for leave to withdraw as counsel for FNBO filed by James P.
  "Sam" King, (filing no. 125);

- FNBO's motion to extend certain discovery deadlines set forth in the court's final progression order, (filing no. 126); and

- The sanctions motions filed by plaintiff  LOL Finance Company ("LOL"), (filing nos. 110 and 131), and third party defendant Maverick Feeders, Inc, ("Maverick"), (filing no. 95), and FNBO's objection to those motions (filing no. 112).

This case has a tortured history.  The motions to withdraw filed by Janice P. Woolley and James P. King will be granted.  At the request of FNBO's new counsel, the court conducted a lengthy telephonic hearing addressing the remaining motions and future progression of this case on Monday August 30, 2010.  For the reasons set forth below, FNBO's motion to continue will be granted to a very limited extent, and the parties will be afforded additional time to resolve the pending sanctions motions without further court intervention.

## BACKGROUND

The long history of FNBO's discovery abuses in this case have been well documented in this court's previous holdings (filing nos. 79, 82, 103 & 116) and need not be reviewed here.  By FNBO's prior counsel's own admission, FNBO's problems can be directly attributed to its former attorney (filing no. 103).  FNBO has addressed the problem by obtaining new counsel, and attorneys William Hargens and Thomas Kelley entered their respective appearances on behalf of FNBO on August 27, 2010.

Prior to FNBO's hiring of new counsel, the parties agreed to conduct various depositions the week of August 30, 2010 through September 3, 2010.  The progression order in this case establishes the following deadlines:

2

| Expert Disclosure Deadline for Defendants | August 30, 2010 |
|---|---|
| Discovery & Deposition Deadline | September 6, 2010 |
| Dispositive Motion Deadline | September 15, 2010 |
| <u>Daubert</u> Motion Deadline | September 15, 2010 |

FNBO, through its new counsel, now seeks to have each of the above referenced discovery deadlines continued 30 days. FNBO also seeks to have the scheduled depositions continued until a time agreed upon by the parties.

## ANALYSIS

Until recently, and then only in response a to threatened sanctions, FNBO has been almost completely absent from this case and its discovery proceedings, including failing to attend noticed depositions of other parties and witnesses. As a result, this case is stuck in a quagmire of discovery disputes directly attributable to FNBO's misconduct. Although FNBO's former counsel accepted responsibility for all the discovery issues, the court specifically notes FNBO was aware of the disputed issues in this case and anticipated this lawsuit before the plaintiff's complaint was even filed. Based on the information before the court, FNBO itself, not merely its counsel, was aware of and/or received the parties' written discovery requests, yet it failed to timely provide full and complete responses to its former counsel. While it appears FNBO's former counsel failed to demand, remind, insist or cajole the bank to provide Rule 26 disclosures, responses to written discovery, or participate in this case, the bank's indifference is also blameworthy. Simply stated, while the other parties were working on this case, FNBO knew it had work to do but did nothing, and its request for additional time to now begin the discovery process only a week before the discovery deadline stands on very shaky ground.

However, FNBO's conduct, or lack thereof, has created a judicial dilemma. The goal of the court is a just and fair resolution of disputes on the merits, and not on actual or *de*

3

*facto* sanctions.  Moreover, there is reason to believe health factors played some role in the actions or omissions of FNBO's former counsel.  Although new counsel for FNBO must take the case "as is," allowing new counsel essentially <u>no</u> time to review the case file, conduct discovery, and/or prepare a dispositive motion will not advance the overall goal of an orderly and timely resolution of this case on the merits.  Rather, it will undoubtedly lead to a number of hurried filings and rushed requests for depositions by FNBO which will certainly lead to even more contentious discovery motions, potentially delaying this case even longer.  Moreover, FNBO's new counsel may, if given some leeway, assist the court and all parties to untangle the discovery disputes, quell the parties' indignation, and facilitate an orderly progression and resolution of the case.  To that end, the court will permit a brief continuance of the discovery and dispositive motion deadlines.

Pursuant to <u>Federal Rule of Civil Procedure 16 (b)(4)</u>, "[a] schedule may be modified only for good cause and with the judge's consent."  On balance, FNBO has shown "good cause" for allowing a short continuance of the discovery and dispositive motion deadlines, but it has failed to show "good cause" for the majority of the case scheduling modifications it requests.  FNBO's prior counsel agreed to the dates and times of several depositions.  The parties have made the necessary arrangements for those depositions to proceed as planned. The court will not allow FNBO to further disrupt the progression of this case by forcing a number of depositions, some or all of which are supplemental depositions made necessary by FNBO's previous discovery abuses, to be rescheduled. With the exception of the supplemental deposition of FNBO employee Chris Kalkowski, all depositions will be conducted as scheduled.  The parties shall confer and schedule the supplemental deposition of Mr. Kalkowski for a date within the progression schedule as modified by this order. Further, since FBNO received notice of all depositions and supplemental depositions taken to date, irrespective of whether  it attended those depositions, FNBO is not permitted to again depose those deponents and persons, <u>including by 30(b)(6) notice</u>.  To the extent any

4

supplemental depositions are now being conducted, like all other parties, the scope of FNBO's questioning is limited to those topics or issues raised by documents or discovery responses received from FNBO after the initial deposition was completed.

In addition, the court will not grant FNBO's request to extend the significant discovery deadlines in this case for 30 days. Although FNBO's request ostensibly does not request moving the pretrial conference or the trial date, if the court grants FNBO's motion in full, a trial continuance will be necessary to accommodate the parties' responses and the court's consideration and review of anticipated dispositive motions. Such a result in unacceptable. The court will not allow extensions which will ultimately prejudice the other parties, particularly LOL and Maverick, by delaying the trial date.

This order is intended to ensure the progression of this case to trial and resolution of the parties' issues on the merits, without creating (or perpetuating) an environment for further discovery skirmishes and associated delays. The parties, and especially FNBO, are strongly encouraged to likewise adopt that goal.

Accordingly,

IT IS ORDERED:

1.      The motions for leave to withdraw as counsel for defendant First National Bank of Omaha ("FNBO") filed by Janice M. Woolley, (filing no. 124), and James P. "Sam" King, (filing no. 125), are granted.

2.      All discovery and depositions shall be <u>completed</u> on or before September 17, 2010.

3.      The parties shall confer to schedule the supplemental deposition of Chris Kalkowski. The deposition must be taken on or before the discovery deadline. All other depositions shall proceed as already scheduled.

4.    Defendant FNBO shall inform the court by Monday September 13, 2010 whether it will be disclosing any experts in the case.  The deadline for the filing of Daubert motions will be addressed at that time.  If the court is not otherwise informed, the court will assume FNBO will not be disclosing experts and the current deadline for the filing of Daubert motions will remain unchanged.

5.    All dispositive motions shall be filed on or before September 24, 2010. Parties will have 17 calendar days to file and serve a response.[1]  Any reply brief must be filed within 5 days thereafter.[2]

6.    On or before September 7, 2010, the parties shall jointly file a statement advising the court as to whether the sanctions motions are now resolved and, if so, the terms of that resolution.

DATED this 1st day of September, 2010.


                         BY THE COURT:
                         *s/ Cheryl R. Zwart*
                         United States Magistrate Judge

---

[1]Pursuant to Federal Rule of Civil Procedure 6(d) and Nebraska Civil Rule 6.1(b) 3 days are added after the time period for filing otherwise expires.  Thus, the effective due date for the response to any dispositive motion to be filed is 20 days and the effective due date for the reply is 8 days after the response is filed.  For instance, if the dispositive motion is filed on September 24, 2010, the response must be electronically filed by October 14, 2010 (17 days to respond plus the additional 3 days mandated by NeCivR 6.1(b)).

[2]The parties are reminded that reply briefs should not be used to re-state arguments already addressed in their initial briefs.