UNITED STATES DISTRICT COURT

DISTRICT OF NEBRASKA

| | |
|---|---|
| LOL FINANCE COMPANY,<br><br>                       Plaintiff,<br><br>vs.<br><br><br>ROBERT P. JOHNSON et. al,<br><br>                       Defendants<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>PAUL JOHNSON & SONS CATTLE CO.,<br>INC.,<br><br>                       Third Party Plaintiff,<br><br>vs.<br><br><br>MAVERICK FEEDERS, INC.,  et al,<br><br>             Third Party Defendants. | No. 09-cv-3224<br><br>Judge Kopf<br><br><br><br><br>BRIEF IN RESISTANCE TO FNBO's<br>MOTION TO DISMISS CROSSCLAIM |

## <u>INTRODUCTION</u>

After electing to defend this case for several months, engaging in sanctioned misconduct, proceeding in technical default, and otherwise waiving any procedural defenses, FNBO now moves to dismiss Third Party Defendants' ("Maverick") cross-claim based on a novel procedural question.  As explained below, the motion has nothing to do with subject matter jurisdiction, is otherwise untimely, in violation of the spirit of FRCP 1, against the better reasoned case law and contrary to common sense.  The motion should be denied for these reasons.

**1.   <u>FNBO waived its procedural defenses and the Motion is otherwise untimely.</u>**

The key question before the Court is this: Is there subject matter jurisdiction between Maverick and FNBO under 28 USC § 1332?  If so, FNBO's motion is untimely

and has otherwise been waived by failure to assert such a defense in a pleading.[1]

Although FNBO frames the issue as involving subject matter jurisdiction [to gain the waiver benefit of FRCP 12(h)(3)], the assertion is plainly wrong.  In reality FNBO asserts a <u>procedural</u> challenge to a third-party defendant's right to cross-claim against a defendant under FRCP 13(g).  Procedural objections that do not involve jurisdictional issues are waived if not timely asserted.  *Nolan v. Prime Tanning Co*., 871 F2d 76, 78 (8th Cir 1989)(failure to timely object to procedural issues related to removal of action); *Rogers v. Penobscot  Min. Co*., 154 F. 606 (8th Cir 1907)(failure to object to procedural defect related to service of process); *Union Pac. R. Co. v. Whitney*, 198 F 784 (8th Cir 1912)(issue with defense of capacity and failure to object to the "mode of trial" constituted a waiver of procedural question on appeal); *Farmers Elevator Mutual Ins. v. Carl J. Austad & Sons, Inc*., 343 F2d 7, 11 (8th Cir 1965)(challenge of venue, as opposed to jurisdiction, may be waived by failure to timely object); *compare* FRCP 12(h)(3)

FNBO's loose definition of subject matter jurisdiction is plainly defeated by FRCP 82 which expressly states "these rules do not extend or <u>limit the jurisdiction</u> of the district courts…"  *See* FRCP 82 (emphasis applied).  So a question arising solely under the Rules cannot be used to limit this Court's ability to exercise subject matter jurisdiction.  *See id*.

It bears repeating that diversity jurisdiction plainly exists.  FNBO does not argue otherwise.  As such, FNBO's effort to tread delicately around the waiver issue deserves fatal scrutiny.

---

[1] Maverick does not oppose FNBO's request to formally assert the exact same defense asserted in responses to LOL's amended complaint.  The defense is likely joined without separate answer by virtue of Maverick's reliance on FCRP 10(c) in asserting claims against FNBO.

Based on the above authority FNBO has waived its right to object to the procedural alignment of the parties under Rule 13(g).  Indeed, Maverick's cross-claim against FNBO was filed on January 15, 2010. *See* DKT #40.  Counts 2 and 4 plainly assert claims against FNBO.  Counsel for FNBO defended the claim for months and even deposed Shon Sawyer on the issues asserted in the cross-claim prior to asserting this motion.  Along the way FNBO failed to raise <u>any</u> procedural defenses, failed to object, failed to file an answer, failed to participate in the planning conference, failed to answer discovery and ignored court orders compelling it to answer discovery. *See e.g*. Memorandum and Order of 8/19/10 DKT # 116.

We are now on the eve of the discovery and motion deadlines.  The trial date is in sight.   Given the foregoing, FNBO's Motion is untimely and its procedural objection was waived long ago.  The arguments raised in the eleventh-hour motion should be rejected as such.  Considering the Motion on its merits would be nothing short of a reward for lack of diligence.

**2.  <u>FNBO's Motion should be denied on its merits</u>.**

Even if the Court were to consider FNBO's untimely motion on the merits, the law does not support the late relief.  Central to FNBO's motion is the theory that Maverick cannot cross-claim as FNBO and Maverick are not "co-parties" as described in FRCP 13(g).  However, the definition of a "co-party" logically refers to parties that are not formally aligned as adversaries. *See Georgia Port Authority v. Construction Meccanich, et al.,* 119 FRD 693, 695 (S.D.Ga 1988) (recognizing that FRCP1 should be construed to allow cross-claims between an original defendant and a third party defendant impleaded

by a separate defendant); *Fogel v. United Gas Improvement Co.,* 32 FRD 202 (S.D. Pa. 1963)(defining co-parties as including other parties to the litigation and not limiting the modifier to parties on the same level of the caption).  Defining co-parties as parties who are not in formal opposition is supported by both the plain text of FRCP 13, and from the authority discussing the same.

Indeed, contrary to FNBO's argument, the better reasoned authorities indicate that a cross-claim should be permitted between defendants on different levels of the caption.  *See Id*;  *see also American General v. Equitable General,* 87 FRD 736 (E.D. Va. 1980); *Stahl v. Ohio River Co.,* 424 F2d 53, 55 (3d Cir. 1970); *Thomas v. Barton Lodge II, Ltd.,* 174 F3d 636 (5th Cir. 1999); and *Jorgenson Co. v. TI United States, Ltd., et al.,* 133 FRD 472, 473-474 (E.D. Pa. 1991).  As noted in the *Georgia* case, there are really three types of claims a defendant may make: (1) counterclaims, (2) third-party claims, and (3) cross-claims.  *See Georgia Port Authority*, 119 FRD at 695.  Because FRCP 13(a) permits counterclaims against "opposing parties" and 14(a) permits a third-party action against "a person not a party", the reference to "co-parties" in 13(g) is an obvious reference to any party not initially aligned as an opponent.  *Id.*  Maverick's cross-claim against FNBO thus fits firmly within the scope of a co-party claim under FRCP 13(g).

The text of FRCP 1 also supports Maverick's position as the rules are intended to "secure the just, speedy and inexpensive determination of every action." *See* FRCP 1. Applying the logic set forth in FRCP 1, the Fifth Circuit held:

> [U]nder rule 14(a), third party defendants can join additional parties to the lawsuit to resolve claims related to the claim made against them.  <u>It therefore seems strange to conclude that they cannot bring those claims against parties already involved in the suit</u>.  The practical effect of adhering to the

- 4 -

> defendant's reasoning would be to hold that when a third party defendant wishes to allege a claim against an original defendant, he must file a separate complaint against the original defendant and then move for joinder of the two actions.  We will not require third party defendants to jump through these additional hoops.

*Barton Lodge* at 652(emphasis supplied).  Similarly, in *Jorgenson,* the district court held that the Rules did not intend to prevent claims against a defendant and third-party defendant as such a result would "frustrate the policy of the Rules. . .to adjudicate all related claims in one proceeding."  *See Jorgenson*, 133 FRD at 474 (discussing a cross-claim by an original defendant asserted against a third-party defendant).

Based on the well-reasoned authority cited above, a "co-party" must logically mean any party that is not formally postured as an opponent.  *See generally id.*  It defies logic to allow third-party defendants to assert claims against new parties and existing adversaries, while denying the right to assert claims against existing parties not formally opposed.  *See Georgia Port Authority*, 119 FRD at 695.  As recognized in *Georgia* "certainly, the relationship between an original defendant and a third-party fits somewhere into this framework" of a claims that can be brought against opponents, new parties and co-parties. *See Georgia Port Authority*, 119 FRD at 695.  "Characterizing the relationship as that of 'co-parties' appears to be the logical choice." *Id.  See Georgia Port Authority*, 119 FRD at 695.

Although the Eighth Circuit has yet to rule on this subject, there is at least some indication in dicta that we would follow this same line of reasoning.  *See eg General Ins. Co. of America v. Hercules Const. Co.*, 385 F2d 13, 18 (8th Cir 1967)(indicating that a plaintiff in intervention could file a cross-claim against a defendant under FRCP 13(g)).

Allowing cross-claims between different levels of defendants present the most "realistic and sensible" approach. *See id.* at 474. *See Jorgenson,* 133 FRD at 474. The reasoning applied in the cases cited in this section is sound and should be followed here. FNBO's motion should be rejected for these additional reasons

### 3. <u>Granting the Motion will create unwarranted delay or inconsistency.</u>

Dovetailing with the authority set forth above, FNBO's motion, if granted, would create further delay, and result in unnecessary red-tape contrary to the spirit of FRCP 1. For example, if FNBO's motion were granted, it might ultimately have no substantive effect. Maverick could commence a separate action and move for joinder under FRCP 42. So granting FNBO's Motion only adds unnecessary procedural steps to the same four-party line-up currently moving toward a January 3 trial date.

Furthermore, FNBO is a joint-tortfeasor on the claims Maverick asserts against the other defendants and justice is additionally best served if the case is heard at once. Separating FNBO from the claims against the other defendants may create inconsistent results and greater uncertainty. FNBO is also an indispensible party to Maverick's claims against the other defendants under FRCP 19(a), which is further reason to deny the motion.

Lastly, FNBO does not otherwise challenge the scope of Maverick's cross-claim as stretching beyond the universe of issues raised by LOL's amended complaint. The lack of any such argument is further telling of the resolution here. As FNBO's brief indicates, here Maverick asserts a separate claim for damages against FNBO stemming from the same core causes of action and alleged facts asserted by LOL in its amended complaint.

- 6 -

*See* FNBO's Brief at pg 10.  It would be one thing if Maverick's claims were independent and wholly dissimilar from the issues otherwise in controversy, but these are not our facts.  Given the unity of issues and based on well-reasoned authority, FNBO's motion should be denied on the merits.

In short, FNBO's clearly wishes to buy time to finally conduct discovery when that window of opportunity has been open for months.  The Court should deny this thinly-veiled attempt to take a second bite at the apple. The motion is not dispositive of any substantive issues between Maverick and FNBO.  Thus, FNBO's attempt to create new and untimely hurdles that do nothing to resolve the case on the merits should be rejected.

## <u>CONCLUSION</u>

For all the reasons contained in this brief and as demonstrated by the record before the Court, FNBO's Motion to Dismiss should be rejected in all respects.

Dated this _16th__ day of September, 2010.

CADWELL SANFORD DEIBERT &
GARRY LLP

By___/s/ Shawn_____
  Shawn M. Nichols
  200 E. 10th St., Suite 200
  P. O. Box 1157
  Sioux Falls, SD  57101-1157
  (605) 336-0828
  Attorneys for Third Party
  Defendants

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing was served on counsel below by electronic filing:

Jonathan C. Miesen
33 S. 6th Street, Suite 4200
Minneapolis, MN  55402

David Domina
Mark D. Raffety
2425 South 144th Street
Omaha, NE  68144-2367

William F. Hargens
Thomas Kelley
McGrath North Mullin & Kratz, PC LLO
Suite 3700, First National Tower
1601 Dodge Street
Omaha, NE  68102

Dated this _16th__ day of September, 2010.

_____/s/ Shawn_____
Shawn M. Nichols