IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LOL FINANCE COMPANY, | NO. 09-CV-3224 |
| Plaintiff, | Judge Kopf |
| vs. | |
| ROBERT P. JOHNSON and KERI J. MALOLEY, Individually and d/b/a PAUL JOHNSON & SONS CATTLE CO., INC., JOHN DOE, ABC COMPANY, and FIRST NATIONAL BANK OF OMAHA, | |
| Defendants | DEFENDANT FIRST NATIONAL BANK OF OMAHA'S ANSWER TO THIRD-PARTY DEFENDANTS' CROSS-CLAIM |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | |
| PAUL JOHNSON & SONS CATTLE CO., INC., | |
| Third-Party Plaintiff, | |
| vs. | |
| MAVERICK FEEDERS, INC., a South Dakota corporation, SHON SAWYER and JULIE SAWYER, husband and wife, | |
| Third-Party Defendants. | |

Defendant FNBO Bank of Omaha (hereinafter referred to as "FNBO") for its answer to the purported cross-claim asserted by Third-Party Defendants Maverick Feeders, Inc., Shon Sawyer and Julie Sawyer (collectively "Maverick Feeders") against FNBO ("the Cross-Claim") admits, denies and alleges as follows:

1. For its Answer to Paragraph 1 of the Cross-Claim FNBO denies each and every allegation of Maverick Feeders' Answer to the Third-Party Complaint, except those allegations

constituting admissions by Maverick Feeders of the allegations of the Third-Party Complaint.

2. FNBO denies the allegations in the first sentence of Paragraph 2 of the Cross-Claim. For its response to the second sentence of Paragraph 2 of the Cross-Claim, FNBO incorporates herein by this reference its responses to Counts I-III of LOL's Amended Complaint as though fully set forth herein.

3. FNBO admits that in 2008, Maverick Feeders, Inc. contracted with the Feed Yard for the latter to provide custom feeding for certain cattle. FNBO lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations Paragraph 3 of the Cross-Claim and, therefore, denies those allegations.

4. FNBO admits that after the 2008 cattle were sold, there was not enough money left to satisfy Maverick Feeders' obligations to the Feed Yard. FNBO lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations Paragraph 4 of the Cross-Claim and, therefore, denies those allegations.

5. FNBO lacks knowledge or information sufficient to form a belief about the truth of the allegations Paragraph 5 of the Cross-Claim and, therefore, denies those allegations.

6. FNBO lacks knowledge or information sufficient to form a belief about the truth of the allegations Paragraph 6 of the Cross-Claim and, therefore, denies those allegations.

7. FNBO lacks knowledge or information sufficient to form a belief about the truth of the allegations Paragraph 7 of the Cross-Claim and, therefore, denies those allegations.

8. FNBO lacks knowledge or information sufficient to form a belief about the truth of the allegations Paragraph 8 of the Cross-Claim and, therefore, denies those allegations.

9. FNBO admits that in 2009 Maverick Feeders, Inc. sent cattle to the Feed Yard to be custom fed. FNBO lacks knowledge or information sufficient to form a belief about the truth

of the remaining allegations Paragraph 9 of the Cross-Claim and, therefore, denies those allegations.

10. FNBO lacks knowledge or information sufficient to form a belief about the truth of the allegations Paragraph 10 of the Cross-Claim and, therefore, denies those allegations.

11. FNBO lacks knowledge or information sufficient to form a belief about the truth of the allegations Paragraph 11 of the Cross-Claim and, therefore, denies those allegations.

12. FNBO lacks knowledge or information sufficient to form a belief about the truth of the allegations Paragraph 12 of the Cross-Claim and, therefore, denies those allegations.

13. FNBO lacks knowledge or information sufficient to form a belief about the truth of the allegations Paragraph 13 of the Cross-Claim and, therefore, denies those allegations.

14. FNBO lacks knowledge or information sufficient to form a belief about the truth of the allegations Paragraph 14 of the Cross-Claim and, therefore, denies those allegations.

15. FNBO admits that sometime in 2009, the Feed Yard began selling cattle that Maverick Feeders, Inc. had sent to the Feed Yard in 2009 to be custom fed. FNBO lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations Paragraph 15 of the Cross-Claim and, therefore, denies those allegations.

16. FNBO lacks knowledge or information sufficient to form a belief about the truth of the allegations Paragraph 16 of the Cross-Claim and, therefore, denies those allegations.

17. FNBO lacks knowledge or information sufficient to form a belief about the truth of the allegations Paragraph 17 of the Cross-Claim and, therefore, denies those allegations.

18. FNBO lacks knowledge or information sufficient to form a belief about the truth of the allegations Paragraph 18 of the Cross-Claim and, therefore, denies those allegations.

19. FNBO denies the allegations of Paragraph 19 of the Cross-Claim.

20. FNBO lacks knowledge or information sufficient to form a belief about the truth of the allegations Paragraph 20- of the Cross-Claim and, therefore, denies those allegations.

21. FNBO lacks knowledge or information sufficient to form a belief about the truth of the allegations Paragraph 21 of the Cross-Claim and, therefore, denies those allegations.

22. FNBO lacks knowledge or information sufficient to form a belief about the truth of the allegations Paragraph 22 of the Cross-Claim and, therefore, denies those allegations.

23. FNBO lacks knowledge or information sufficient to form a belief about the truth of the allegations Paragraph 23 of the Cross-Claim and, therefore, denies those allegations.

24. FNBO incorporates herein by this reference its responses to Paragraphs 1 through 23 of the Cross-Claim as though fully set forth herein.

25. FNBO lacks knowledge or information sufficient to form a belief about the truth of the allegations Paragraph 25 of the Cross-Claim and, therefore, denies those allegations.

26. FNBO lacks knowledge or information sufficient to form a belief about the truth of the allegations Paragraph 26 of the Cross-Claim and, therefore, denies those allegations.

27. FNBO lacks knowledge or information sufficient to form a belief about the truth of the allegations Paragraph 27 of the Cross-Claim and, therefore, denies those allegations.

28. FNBO lacks knowledge or information sufficient to form a belief about the truth of the allegations Paragraph 28 of the Cross-Claim and, therefore, denies those allegations.

29. FNBO incorporates herein by this reference its responses to Paragraphs 1 through 28 of the Cross-Claim as well as its responses to Counts II and III of LOL's Amended Complaint as though fully set forth herein.

30. FNBO lacks knowledge or information sufficient to form a belief about the truth of the allegations Paragraph 30 of the Cross-Claim and, therefore, denies those allegations.

31. FNBO lacks knowledge or information sufficient to form a belief about the truth of the allegations Paragraph 31 of the Cross-Claim and, therefore, denies those allegations.

32. FNBOdenies the allegations of Paragraph 32 of the Cross-Claim.

33. FNBO denies the allegations of Paragraph 33 of the Cross-Claim.

34. FNBO denies the allegations of Paragraph 34 of the Cross-Claim.

35. FNBO incorporates herein by this reference its responses to Paragraphs 1 through 34 of the Cross-Claim as though fully set forth herein.

36-45. The Court has previously held that the allegations of Paragraphs 36-45 of the Cross-Claim, which purport to state a claim for fraud against the Feed Yard, fail to state a claim upon which relief can be granted and, therefore, no response to these allegations by FNBO should be required. To the extent FNBO is required to respond to these allegations, FNBO denies the allegations.

46. FNBO incorporates herein by this reference its responses to Paragraphs 1 through 45 of the Cross-Claim as well as its responses to Count III of LOL's Amended Complaint.

47. FNBO denies the allegations of Paragraph 47 of the Cross-Claim.

48. FNBO denies the allegations of Paragraph 48 of the Cross-Claim.

49. FNBO denies each and every allegation of the Cross-Claim which is not specifically admitted by FNBO in this Answer.

**AFFIRMATIVE DEFENSES**

50. FNBO incorporates herein by this reference the Affirmative Defenses it has asserted to LOL's Amended Complaint.

51.    FNBO alleges that the Court lacks subject matter jurisdiction over the Cross-Claim.

Having fully answered, FNBO requests that the Cross-Claim be dismissed, with prejudice, and for its costs incurred herein.

Dated this 21st day of September, 2010.

                                              First National Bank of Omaha, Defendant,

                                              By: /s/Thomas O. Kelley_____
                                                    William F. Hargens (#16578)
                                                    Thomas O. Kelley (#22667)
                                                    McGrath North Mullin & Kratz, PC LLO
                                                    Suite 3700 First National Tower
                                                    1601 Dodge St.
                                                    Omaha, Nebraska 68102
                                                    Phone: (402) 341-3070
                                                    Fax: (402) 341-0216
                                                    whargens@mcgrathnorth.com
                                                    tokelley@mcgrathnorth.com

                                                    Attorneys for Defendant, First National Bank of Omaha

## CERTIFICATE OF SERVICE

      I certify that on the 21st day of September, 2010, I electronically filed the foregoing document with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

David A. Domina
ddomina@dominalaw.com

Mark D. Raffety
mraffety@dominalaw.com

Shawn M. Nichols
snichols@cadlaw.com

Steven W. Sanford
ssanford@cadlaw.com

Jonathan C. Miesen
JCMiesen@stoel.com

                                                              /s/Thomas O. Kelley_____
                                                                    Thomas O. Kelley