UNITED STATES DISTRICT COURT

DISTRICT OF NEBRASKA

| | |
|---|---|
| LOL Finance Company,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Paul Johnson & Sons Cattle Co., Inc., First National Bank of Omaha, Robert P. Johnson Keri J. Maloley, John Doe and ABC Company,<br><br>　　　　Defendants.<br>_____<br><br>Paul Johnson & Sons Cattle Co., Inc.,<br><br>　　　　Third-Party Plaintiff,<br><br>v.<br><br>Maverick Feeders, Inc., Shon Sawyer and Julie Sawyer,<br><br>　　　　Third-Party Defendants. | Case No. 09-CV-3224-RGK<br><br><br>**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY** |

## INTRODUCTION

As set forth in the Memorandum of Law filed by Plaintiff LOL Finance Company ("LOLFC") in support of its Motion for Summary Judgment, the sufficiency of a collateral description set forth in either a financing statement or security agreement is a question of law for the Court to resolve. (Pltff's SJ Memo. of Law pp. 33-45 (Docket No. 154)). If the Court grants LOLFC's pending Motion for Summary Judgment, there will be no need for the Court to rule on LOLFC's Motion in Limine. If the Court denies

LOLFC's Motion for Summary Judgment, the expert testimony proposed by the PJSCC Defendants should be excluded because: (a) it constitutes inadmissible legal opinion; (b) it is patently unreliable; and (c) the reports submitted by the experts do not contain the information required by Rule 26(b)(2)(B) of the Federal Rules of Civil Procedure. At a minimum, the proposed expert testimony should be limited because it is clearly duplicative.

## REPLY ARGUMENT

**IN THE EVENT LOLFC'S MOTION FOR SUMMARY JUDGMENT IS DENIED, THE EXPERT TESTIMONY PROPOSED BY THE PJSCC DEFENDANTS SHOULD BE EXCLUDED OR LIMITED.**

**A.    The Proposed Expert Testimony Constitutes Inadmissible Legal Opinion.**

The PJSCC Defendants do not dispute that the sufficiency of the collateral description set forth in LOLFC's financial statement and security agreement is a question of law for the Court to resolve. They also concede that the testimony from their purported experts will be offered solely to show that LOLFC's "Uniform Commercial Code filings contain descriptions of collateral that are factually deficient." (PJSCC Defendants' Memo. of Law p. 7). Because the sufficiency of the collateral description set forth in LOLFC's financing statement and security agreement presents a question of law, purported expert testimony regarding the sufficiency of the collateral descriptions, especially from persons who are not qualified to render legal opinions, is inadmissible and unnecessary.

**B.     The Proposed Expert Testimony is Patently Unreliable.**

To be admissible, expert testimony must, at a minimum, be reliable.  Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 141 and 149 (1999).  District courts have an obligation to act as "gatekeepers" to exclude unreliable expert testimony from being presented at trial.  Id. at 147.

The testimony of the PJSCC Defendants' experts can be summed up as follows: The monthly Cattle on Feed reports published by the United States Department of Agriculture define the term "placements" as "cattle put into a feedlot;" therefore, the term "placed" in LOLFC's financing statement and security agreement can only mean cattle physically placed at a feedlot.  There are two reasons why this opinion is patently unreliable.

First, the proposed testimony is not logical.  The fact that the Cattle on Feed reports define "placements" as cattle put into feedlots does not mean that the term "placed" can only have one meaning in the cattle industry, namely placement of cattle at a feedlot.  The term "placed" can be used in a number of contexts in the cattle industry. Cattle can be placed on pasture.  Cattle can be placed under a delivery contract with a meat-packing company.  Cattle can be placed on the Chicago Board of Trade under a futures contract.  And, of course, cattle can be placed with a cattle-consulting company for consulting services under a consulting agreement.   (McKay SJ Aff. ¶ 13 (Docket 155-2)).

Second, and more important, the PJSCC Defendants' purported experts ignore the entire phrase used in LOLFC's financing statement and security agreement.  Those

3

documents do not use the term "placed" in isolation. Instead, they describe the collateral as "All of the cattle whether now owned or hereafter acquired by Debtorr [sic] and placed by Debtor <u>with 4-Square Cattle Management Services under a Cattle Consulting Agreement executed between Debtor and 4-Square Cattle Management Services</u> . . . ." (McKay SJ Aff. Ex. C (Docket No. 155-5)(emphasis added)). The collateral description refers to cattle placed <u>with</u> 4-Square for <u>cattle-consulting services</u>, not cattle placed <u>at</u> 4-Square for <u>feeding</u> or <u>feedlot</u> services. Purported expert opinion that depends for its validity upon a term in a written document being taken out of context is clearly not reliable or helpful.

    **C.    The PJSCC Defendants Should Not Be Permitted to Offer the Same Opinion Through Five Separate Witnesses.**

The PJSCC Defendants do not deny that they intend to have all five of their purported experts give the exact same opinion. They attempt to justify the duplicative presentation of the same opinion by five separate witnesses by arguing that each witness has a "unique perspective." (PJSCC Defendants' Memo. of Law p. 7). This is a distinction without meaning. All witnesses have different backgrounds, different experiences, different qualifications, different biases, etc. The fact that different experts may have different perspectives does not mean a party can call five separate experts to give the exact same opinion at trial.

    **D.    The Experts' Reports Do Not Comply With Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.**

In addition taking the language of LOLFC's collateral descriptions out of context, the reports from the PJSCC Defendants' experts only set forth conclusions, no "basis or

4

reasons" for the conclusions and no "data or other information" to substantiate the conclusions.  The reports also fail to include basic information regarding compensation, publications and prior testimony.  This information is required to be set forth <u>in the reports signed by the experts</u>, not in a brief filed by counsel in response to a motion in limine.

## CONCLUSION

For all of the foregoing reasons, as well as the reasons expressed in its prior brief, LOLFC respectfully requests that its Motion in Limine be granted by the Court in all respects.

Respectfully submitted,

STOEL RIVES LLP

Dated:  September 22, 2010

By: <u>s/Jonathan C. Miesen</u>
     Jonathan C. Miesen
     Minn. Atty. Reg. No. 19752X

Suite 4200
33 South Sixth Street
Minneapolis, MN 55402
Telephone:   (612) 373-8810
Facsimile:    (612) 373-8881
E-mail:         JCMiesen@stoel.com

Attorneys for Plaintiff

70300411.1 0099999-00001