**United States District Court**
**District of Nebraska**

| | |
|---|---|
| **LOL Finance Company,**<br>            Plaintiff, | No  09-cv-3224<br>Judge Kopf |
| v. | |
| **Robert P. Johnson**<br>**and Keri J. Maloley**<br>**Individually and d/b/a**<br>**Paul Johnson & Sons Cattle Co., Inc.,**<br>**John Doe and**<br>**ABC Company**<br>            Defendants. | Paul A. Johnson and Son Land and<br>Cattle Co., Inc., Robert Johnson and<br>Keri Maloley Responsive<br>Brief Opposing Plaintiff LOL's Motion<br>for Summary Judgment<br>with<br>NE R Civ 56.1 Statement of Material<br>Controverted Facts |
| **Paul Johnson & Sons Cattle Co., Inc.,**<br>            Third Party Plaintiff, | |
| v. | |
| **Maverick Feeders, Inc.,**<br>**A South Dakota Corporation,**<br>**Shon Sawyer and Julie Sawyer,**<br>**Husband and wife,**<br>            Third Party Defendants | |

**Case Overview**

  1. LOL Finance loaned money to Maverick Feeders, Inc., and Shon and Julie Sawyer, Maverick's principals.  Maverick executed a security agreement, and financing statements to collateralize the LOL loan.  Sawyer and Maverick, who were in the cattle business, pledged only some assets and not all their property, for the loan.  Their security agreement, and the corresponding financing statement, provide cattle placed with 4-Square Cattle Management Services were pledged to LOL.

  2. But the cattle in question were never placed with 4-Square.  They were placed at the Johnson feedyard at Bertrand, Nebraska, where they were fed to slaughter weight and sold for slaughter.

3. While LOL seeks summary judgment, Johnson Cattle and its principals are entitled to prevail, and, with respect to them, trial may not be necessary. This Brief opposes LOL's summary judgment motion. It demonstrates that LOL is not entitled to summary judgment.

4. The summary judgment motion of Johnson Cattle, Robert Johnson individually, and Keri Maloley, were filed and briefed separately.

**NE Civ R 56.1 Responsive Statement of Material Controverted Facts**

While some of the facts below are not controverted, in total, they demonstrate the need for trial and all are included to make a cohesive presentation for the court.

5. LOL Finance is in the lending business. It loaned money to Maverick Feeders, LLC and its principals, Shon and Julie Sawyer.

| Court Filing #167-7 | Ron McKay (LOL employee) Depo. 19:8-20:4 |
| Court Filing # 10 | McKay Affidavit |
| Court Filing #167-6 | Shon Sawyer Depo. 13:3-10, |
| Evi Ind Ex. 15 | LOL Answer to Johnson Cattle Interrogatories Nos. 2 and 4. |

6. Paul A. Johnson & Sons Cattle Co., Inc., is a Nebraska corporation. It is engaged in the custom cattle feeding business, i.e., it provides feeding services and furnishes feed for customers who place their cattle at the Johnson yard where they are to be fed a total ration designed to promote growth, and produce a slaughter weight beef animal.

| Court Filing #15 | Robert Johnson Declaration |
| Court Filing #167-4 | Robert Johnson Depo. 7:24-8:8 |

7. Robert Johnson is Paul A. Johnson & Sons Cattle Co.'s (Johnson Cattle) president. Keri Maloley is his daughter and works for the company; she provides its clerical service. First National Bank of Omaha ("FNBO") provides credit to

feedyards. It also provides credit to investors who purchase cattle placed in feedyards during the term of their placement.

| Court Filing #167-8 | Chris Kalkowski depo. 12:15-18 |
| Court Filing #167-4 | Robert Johnson depo. 11:17-12:22 |
| Court Filing #167-5 | Keri Maloley depo. 6:20-7:3; 19:20:13 |
| Court Filing #15 | Robert Johnson Declaration of 11/04/08 |

8. The cattle in question were beef cattle. They were being fed a ration of feed designed to promote weight gain and grow them to slaughter weight.

| Court Filing #167-6 | Shon Sawyer Depo 5:11-6:11 |
| Court Filing #15 | Robert Johnson Declaration |
| Court Filing #167-4 | Robert Johnson Depo. 38:14-24 |

9. Maverick and the Sawyers executed a financing statement dated January 8, 2009 and a security agreement dated January 9, 2009 in favor of LOL Finance. Copies are attached to Robert McKay's Declaration (Filing 10). These documents contain the following information concerning the collateral pledged as security for the loans made by LOL:

> All of the cattle whether now owned or hereafter acquired by Grantor and placed by Grantor with 4-Square Cattle Management Services under a Cattle Consulting Agreement executed between Grantor and 4-Square Cattle Management Services, all additions thereto, whether such additions are by reproduction, purchase, acquisition, inheritance, gift, or otherwise; all feed and grain inventories now owned or hereafter acquired used for feeding of such cattle; all commodity futures contracts, hedging accounts, other documents of title, accounts, contract rights, now owned or hereafter acquired by Grantor pertaining to such cattle; all records of any kind relating to any of the foregoing; all proceeds relating to any of the foregoing (including insurance, general intangibles and other accounts proceeds), any & all equities or patronage credit

| Court Filing #15 | Ron McKay Affidavit and exhibits. |
| Court Filing #167-8 | Chris Kalkowski Depo Ex 82 |
| Court Filing #167-6 | Shon Sawyer Depo. 102:10-14; 127:14-128:7 & Depo. Ex. 84. |
| Court Filing #167-7 | McKay Depo. 20:5-14 |

10. The term "placed" has a specific, widely recognized meaning in the cattle business, which is known to and relied upon by feedyards and their operators, livestock lenders, veterinarians, livestock nutritionists, and the cattle industry in general.

The terms "place," "placed," and "placement" refer to the act of moving cattle from other quarters or locations to feedyards where they are placed on feeding rations designed to promote beef growth and produce a slaughter weight animal whose carcass will be harvested for beef generally intended for human consumption.

| Court Filing #167-9 | Judith Ackland Declaration |
|---|---|
| Court Filing #167-13 | Brian Timmons Declaration |
| Court Filing #167-11 | Joe Peschel Declaration |
| Court Filing #167-10 | Dr. James Lawton Declaration |
| Court Filing #167-12 | Scott Foote declaration |
| Court Filing #167-7 | Ron McKay Depo. 8:6-14 |

11. 4-Square Cattle Management Services, Inc. is a company associated with LOL Finance. It does not own, lease or otherwise operate a feedyard, and it operates or rents no facilities at which it receives or provides care for cattle or accommodates cattle placements.

| Court Filing #167-7 | Ron McKay Depo 6:3-22 |
|---|---|
| Court Filing #167-6 | Shon Sawyer Depo 14:15-15:19 |

12. The Maverick and Sawyer cattle moved to Johnson Cattle Co. and were placed to be fed, but were not branded, ear tagged, or otherwise marked or identified.

| Court Filing #167-7 | Robert Johnson Depo 59:12-17 |
|---|---|
| Court Filing #167-6 | S. Sawyer Depo 21:9-24 |

13. The term "placements" with respect to cattle includes the terms "place" and "placed" as terms describing the physical relocation of cattle from one location to another, at a stage in the life of the animal where it is appropriately moved to a feedyard to be placed on a feeding ration designed to promote growth and prepare the animal for slaughter. This term is defined by the U S Department of Agriculture and is used in its Cattle On Feed Reports, issued monthly, are used to track and maintain

AP0816
4

awareness of the beef cattle supply, its readiness for slaughter, and therefore, the availability of beef, a staple in the diet of many Americans. The USDA's definition is issued by its National Agriculture Statistics Service (USDA NASS). This definition, which is used by creditors, investors and feedyards as well as others in the cattle business, is found at this website. A copy is in the evidence index.

http://www.nass.usda.gov/Surveys/Guide_to_NASS_Surveys/Cattle_On_Feed/index.asp

http://usda.mannlib.cornell.edu/usda/nass/CattOnFe//2000s/2009/CattOnFe-09-18-2009.pdf

| Evi Index Ex 16 | USDA NASS website excerpt |

14. The description contained in LOL's security agreement and its financing statement upon which it relies to support its claim it held a security interest which *attached* to the Maverick Feeders/Sawyer cattle, and the security interest was *perfected* was not sufficient definite to inform Johnson Cattle, or First National Bank of Omaha, that LOL claimed, or would claim, a security interest in Maverick Feeders or Sawyer cattle placed with Johnson Cattle at Bertrand, NE.

| Court Filing #167-8 | Chris Kalkowski depo. 292:13-294:16 |
| Court Filing #167-4 | Robert Johnson depo. 279:280:4 |

15. The Maverick Feeders/Sawyer cattle were not "placed" with 4-Square Cattle Management Services. Shon Sawyer, the principle of Maverick Feeders pointedly admits:

> "I don't think you place cattle with 4 Square (sic). 4 Square (sic) is a management service for cattle that are put in different locations." (15:17-19). Later, he admits the "first cattle that were placed with Johnson Feedyard in 2009 were financed by LOL." (119:12-15.)

Sawyer placed cattle with Johnson for many years… back to at least 2004.

| Court Filing #167-6 | Shon Sawyer depo 15: 17-19. See also, 14:8-21; 84:17-23; 109:16-20; 119:12-15. |

16. LOL's loan officer, Ronald McKay testified 4-Square's offices are in a Purina feed mill complex in Lubbock TX and that it has no facilities or pens for

AP0816

5

cattle in Nebraska or elsewhere. McKay admits the USDA definition of placements of cattle. 4-Square is not a feedyard and does not receive placements of cattle.

| Court Filing #167-7 | Ron McKay depo. 5:16- - 21:-24; 16; 18:15-23 |

17. LOL admits, through Mr. McKay, that under the USDA definition, and therefore the definition used in the cattle business, the cattle in dispute in this lawsuit did not ever constitute "placements at 4 Square." 4-Square is "a division of Land O' Lakes Purina Feed. Purina is a feed manufacturer and seller.

| Court Filing #167-7 | Ron McKay depo. 8:6-23. |

18. 4-Square is just an invoice company. Invoicing was the only role McKay could describe that they rendered. [No witness from 4 Square has been identified or deposed.]. There was no way to identify the cattle as managed by 4 Square. McKay says 4 Square cattle must be ear tagged for identification.

| Court Filing #167-7 | Ron McKay depo. 37:7-18; 39:12-40:5; 41:6 – 43:12. |
| Court Filing #167-16 | Depo Ex 14 |

19. The cattle were not branded or ear-tagged as cattle placed with 4 Square. At best ear tags were sent in June 2009 by 4 Square to the Feedlot. By then the cattle had been on feed for months.

| Court Filing #167-6 | Shon Sawyer depo. 21:10-24. |
| Court Filing #167-4 | Robert Johnson depo. 59:12-17 |

20. FNBO provided a feeder financing program at and through Johnson Cattle.

| Court Filing #167-8 | Chris Kalkowski depo. 19:12-21:22 |
| Court Filing #167-5 | Keri Maloley Depo 19:9-20:8 |

21. Under the FNBO feeder finance program, these steps are followed:

    21.1. FNBO makes a line of credit available to the feed yard.

21.2. The feedyard provides financing to its customer who executes documents meeting with FNBO's approval as to form.

21.3. Under the documents, the customer agrees to borrow funds from the feedyard, and pledges the cattle purchased as collateral for the debt owed to the feedyard.

21.4. The customer notes securities interests pledged to Johnson Cattle are assigned by it to FNBO as collateral for FNBO's advance of the feeder financing funds to the feedyard.

21.5. As a result, FNBO holds a security agreement signed by Johnson Cattle which creates a security interest in assets in which Johnson Cattle has security interests. This is perfected.

21.6. Johnson Cattle takes the cattle in question and provides financing for their acquisition with loan proceeds from FNBO. It takes a security agreement and financing statement from the customer who borrows money from Johnson Cattle and places the cattle on feed with it. This security agreement and financing statement perfect the cattle owner's debt to Johnson Cattle. In turn, Johnson Cattle's pledge of the security agreement and security interest it holds to FNBO secures Johnson's debt to FNBO.

21.7. These arrangements were followed in connection with the Maverick and Sawyer cattle.

| Court Filing #167-4 | Robert Johnson depo. 41:16-44 |
| Evi Index Ex 17 | Depo. Exs. 6-11 |
| Court Filing #167-8 | Chris Kalkowski Depo 12:16-15:15; 19:12-21:22 |

22. The cattle which are the subject of this litigation were delivered to Johnson Cattle, on feed and sold on these dates

| Lot # | In Date | Out Date |
|---|---|---|
| Lot 1996 | 03/9-13/09 | 09/10-21/09 |

| | | |
|---|---|---|
| Lot 1997 | 03/9-13/09 | 09/27/09, 10/14/09 |
| Lot 1999 | 03/23-27/09 | 06/26/09, 09/22/09, 09/24/09/, 10/20/04, 11/14/09 |
| Lot 2000 | 03/23-27/09 | 09/27/09, 10/08/09, 11/14/09, 11/17/09 |
| Lot 2005 | 04/11-12/09 | 06/09/09, 11/05/09, 11/14/09, 11/16/09, 11/17/09, 11/27/09 |
| Lot 2006 | 04/11-13/09 | 10/17/09, 10/20/09, 10/22/09, 11/14/09, 11/17/09 |

| | |
|---|---|
| Court Filing #167-5 | Keri Maloley depo. 41:14-42:23 |
| Court Filing #15167-4 | Robert Johnson depo. 41:16-44:9 |
| Evi Index Ex 17 | Depo Exs 6-11 |

23. Johnson Cattle holds a perfected security interest in cattle placed with it. It pledges this perfected security interest to FNBO which then holds the interest as collateral for Johnson's debt to FNBO.

| | |
|---|---|
| Court Filing # 10 | McKay Declaration |
| Court Filing #167-4 | Robert Johnson depo.22:24-23:14 |
| Court Filing # 15 | Robert Johnson Declaration with Attachments |
| Court Filing #167-8 | Kalkowski depo 12: 16 – 21:22 |

24. The cattle in question were placed with Johnson Cattle. It provided care, feeding, maintenance, management, and related services concerning the cattle.

| | |
|---|---|
| Court Filing #167-5 | Keri Maloley depo. 41:14-42:23; |
| Court Filing #167-4 | Robert Johnson depo. 41:16-44:9 |

| Court Filing #167-9  | Ackland Declaration |
|---|---|
| Court Filing #167-13 | Timmons Declaration |
| Court Filing #167-12 | Foote Declaration |
| Court Filing #167-11 | Peschel Declaration |
| Court Filing #167-10 | Lawton Declaration |
| Evi Index Ex 17 | Depo Ex 6-11 |

25.     Robert Johnson did not act individually with respect to the cattle. He did not receive sale proceeds. Only the corporation, PJSCC, provided services and received proceeds. All proceeds were directly deposited into PJSCC's central account at FNBO. There is no basis for a claim against Robert Johnson as an individual.

| Court Filing #167-5 | Keri Maloley depo. 5:11-13; 5:24-6:19, 19:14-22:19 |
|---|---|
| Court Filing #167-4 | Robert Johnson depo. 6:23-7:1, 7:24-8:8 |
| Court Filing #167-8 | Kalkowski depo 13:19-21; 215:16-216:15 |
| Court Filing # 15 | Robert Johnson Declaration |
| Court Filing # 15 | Keri Maloley Declaration |
| Court Filing #19 | Amended Complaint ¶¶ 25-27 asserting funds taken by PJSCC and FNB O |

26.     Keri Maloley did not act individually with respect to the cattle. She did not receive sale proceeds. Only the corporation, PJSCC, provided services and received proceeds. All proceeds were directly deposited into PJSCC's central account at FNBO. There is no basis for a claim against Keri Maloley as an individual.

| Court Filing #167-5 | Keri Maloley depo. 5:11-13; 5:24-6:19, 19:14-22:19 |
|---|---|
| Court Filing #167-4 | Robert Johnson depo. 6:23-7:1, 7:24-8:8 |
| Court Filing #167-8 | Kalkowski depo 13:9-21; 215:16-216:15 |
| Filing # 15 | Robert Johnson Declaration |
| Filing # 15 | Keri Maloley Declaration |
| Court Filing #19 | Amended Complaint ¶¶ 25-27 asserting funds taken by PJSCC and FNB O |

## Argument

### I  Fact Issues Preclude Summary Judgment

27. Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." F R Civ P 56(c). In ruling on a motion for summary judgment, the Court is required to view the facts in the light most favorable to the nonmoving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. *AgriStor Leasing v. Farrow,* 826 F2d 732, 734 (8th Cir.1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. F R Civ P 56(c); *Anderson v.. Liberty Lobby, Inc.,* 477 U.S. 242, 257 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations of its pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Anderson,* 477 U.S. at 257; *City of Mt Pleasant v Associated Elec. Coop., Inc.,* 838 F.2d 268, 273-74 (8th Cir.1988).

28. Summary judgment is appropriate only when no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. F R Civ P 56(c)(2). *Dahl v Rice County, Minn.,* 09-1210, 2010 WL 3528578 (8th Cir Sept 13, 2010). When considering a motion for summary judgment, the Court is obliged to construe the "record in the light most favorable to the non-moving party ... and ... afford [the non-moving party] all reasonable inferences to be drawn from that record." *Davis v Hall,* 375 F3d 703, 711 (8th Cir.2004).

29. Here genuine fact issues are present. They preclude summary judgment for LOL. They also preclude summary judgment for the third party defendants. As to LOL, the facts do not support summary judgment. On the contrary, the facts as recited here and as shown in the Summary Judgment Motion, Evidence and Brief filed by Johnson Cattle, Maloley and Robert Johnson, the facts overwhelmingly support them.

They risk to the level of posing no genuine issue of material fact, which means that Johnson Cattle, Maloley and Robert Johnson are entitled to summary judgment.

September 30, 2010.

Robert P. Johnson & Keri J Maloley
Individually and d/b/a Paul Johnson
& Sons Cattle Co., Inc., Defendants

By   /s/ David A. Domina
David A. Domina # 11043
DOMINALAW Group pc llo
2425 S 144th St.
Omaha NE 68144 2367
402 493 4100
ddomina@dominalaw.com

## Certificate of Service

On September 30, 2010, I filed **Paul A. Johnson and Son Land and Cattle Co., Inc., Robert Johnson and Keri Maloley Responsive Brief Opposing Plaintiff LOL's Motion for Summary Judgment with NE R Civ 56.1 Statement of Material Controverted Facts** with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all Counsel of Record.

Jonathan Miesen
Stoel Rives, LLP
jcmiesen@stoel.com

Shawn Nichols
Cadwell, Sanford, Deibert & Gray, LLP
snichols@cadlaw.com

Steven Sanford
Cadwell Sanford Deibert & Gray LLP
SSanford@cadlaw.com

Thomas O. Kelley
McGrath North Mullin & Kratz, PC LLO
tokelley@mcgrathnorth.com

William F. Hargens
McGrath North Mullin & Kratz, PC LLO
whargens@mcgrathnorth.com

/s/ David A. Domina