UNITED STATES DISTRICT COURT

DISTRICT OF NEBRASKA

---

| | |
|---|---|
| LOL Finance Company, | |
| Plaintiff, | Case No. 09-CV-3224 |
| v. | |
| Paul Johnson & Sons Cattle Co., Inc., First National Bank of Omaha, Robert P. Johnson Keri J. Maloley, John Doe and ABC Company, | **PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANTS PAUL JOHNSON & SONS CATTLE CO., INC., ROBERT P. JOHNSON AND KERI J. MALOLEY** |
| Defendants. | |
| _____ | |
| Paul Johnson & Sons Cattle Co., Inc., | |
| Third-Party Plaintiff, | |
| v. | |
| Maverick Feeders, Inc., Shon Sawyer and Julie Sawyer, | |
| Third-Party Defendants. | |

---

## INTRODUCTION

Defendants Paul Johnson & Sons Cattle Co., Inc., Robert P. Johnson and Keri J. Maloley (hereinafter collectively referred to as "the PJSCC Defendants") have failed to respond the Statement of Undisputed Material Facts submitted by Plaintiff LOL Finance Company ("LOLFC"), failed to create any genuine issue of material fact and failed to provide any response to LOLFC's legal arguments.  Under these circumstances,

LOLFC's Statement of Undisputed Material Facts should be "considered admitted" under NECivR 56.1(b)(2) and LOLFC's summary judgment motion against the PJSCC Defendants should be granted in all respects.

**REPLY ARGUMENT**

**THE PJSCC DEFENDANTS HAVE FAILED TO COMPLY WITH THE COURT'S LOCAL RULES, FAILED TO CREATE A GENUINE ISSUE OF MATERIAL FACT AND FAILED TO RESPOND TO ANY OF LOLFC'S LEGAL ARGUMENTS.**

    A.    **LOLFC's Statement of Undisputed Material Facts Should Be Considered Admitted by the PJSCC Defendants.**

The Court's Local Rules set forth specific procedures and requirements for summary judgment motions. The moving party's brief must include "a separate statement of material facts about which the moving party contends there is no genuine issue to be tried and that entitles to moving party to judgment as a matter of law." NECivR 56.1(a)(1). The moving party's statement of undisputed material facts "should consist of <u>short</u> numbered paragraphs, each containing pinpoint references to affidavits, pleadings, discovery responses, deposition testimony (by page and line), or other materials that support the material facts stated in the paragraph." <u>Id</u>. 56.1(a)(2)(emphasis in original).

"The party opposing a summary judgment motion should include in its brief a concise response to the moving party's statement of material facts." <u>Id</u>. 56.1(b)(2). "The response should address each numbered paragraph in the movant's statement and, in the case of any disagreement, contain pinpoint references to affidavits, pleadings, discovery

responses, deposition testimony (by page and line) or other materials upon which the opposing party relies." Id. "Properly referenced material facts in the movant's statement are considered admitted unless controverted in the opposing party's response." Id.

LOLFC complied with the Court's Local Rules. It submitted a Memorandum of Law with 124 separately-numbered paragraphs stating undisputed material facts supported by pinpoint citations to the record. (LOLFC's SJ Memo. of Law pp. 3-29 (Docket No. 154)). The PJSCC Defendants, on the other hand, failed to comply with the Court's Local Rules. The PJSCC Defendants elected to simply ignore LOLFC's Statement of Undisputed Material Facts. Instead, the PJSCC Defendants have submitted their own statement of facts, which they contend are "controverted." (PJSCC Response Brief pp. 2-9).[1]

The Court's Local Rules are not optional. The PJSCC Defendants were required to <u>specifically respond each numbered paragraph of LOLFC's statement of undisputed material facts</u> and, in case of any disagreement, set forth pinpoint citations to the record to support their denial of any factual allegations. Herzog v. Wiesler, 2010 U.S. Dist.

---

[1] The PJSCC Defendants' factual assertions are also not supported by the record. For example, the PJSCC Defendants suggest that Defendant First National Bank of Omaha ("FNBO") provided "feeder financing" for the cattle at issue in this case. (PJSCC Defendants' Fact Assertion Nos. 21.1-21.7). During their depositions, however, Defendants Robert P. Johnson and Keri J. Maloley emphatically denied that FNBO provided any "feeder financing" for the cattle. (Johnson Depo. p. 268, line 18-25, through p. 269, line 12; Maloley Depo. p. 118, line 16, through p. 119, line 14). The PJSCC Defendants also proclaim that "4-Square is just an invoice company," but their record citations show just the opposite. (PJSCC Defendants' Fact Assertion No. 18; see also Sauder Aff. ¶¶ 4-21 and Exs. A-T). Finally, the PJSCC Defendants cite to a portion of Mr. Sawyer's deposition where he was expressing reservations about whether cattle were placed with 4-Square, but fail to disclose that Mr. Sawyer was being asked about <u>physical</u> placement of cattle, not cattle placed with 4-Square for cattle-consulting services. (See PJSCC Defendants' Fact Assertion No. 15; Sawyer Depo. p. 14, line 8, through p. 15, line 19).

LEXIS 79256 \*\*3-6 (D. Neb. 2010). Because the PJSCC Defendants failed to respond to any of the numbered paragraphs of LOLFC's Statement of Undisputed Material Facts, those facts should be "considered admitted" under NECivR 56.1(b)(2). Id. \*\*4-6; Ballard v. Heineman, 548 F.3d 1132, 1133 (8th Cir. 2008)("We follow the district court in considering [the defendant's] statements of fact in support of their motions for summary judgment 'deemed admitted' under Nebraska Local Rule 56.1(b) because [the plaintiff] did not respond to those statements of fact"); Gerdes v. Napolitano, 2010 U.S. Dist. LEXIS 32624 \*\*12-14 (D. Neb. 2010); Svoboda v. Tri-Con Indus., Ltd., 2009 U.S. Dist. LEXIS 117414 \*\*3-5 (D. Neb. 2009).

Gerdes and Svoboda involved situations identical to this case. Instead of responding to the moving party's statement of undisputed facts, the responding parties in those cases, like the PJSCC Defendants in this case, elected to ignore the moving parties' factual assertions and, instead, propound their own fact statements. In each case, the Court held that the responding party failed to comply with the Local Rules and that the moving parties' factual assertions were "considered admitted" under NECivR 56.1(b)(2). Gerdes, 2010 U.S. LEXIS at \*14; Svoboda, 2009 U.S. Dist. LEXIS at \*4. There is no reason for the Court to reach a different conclusion in this case, particularly when the PJSCC Defendants have failed to respond to any of LOLFC's legal arguments.[2]

---

[2] The PJSCC Defendants' legal counsel, David A. Domina, has attempted to employ this exact same strategy in at least one other case. See, e.g., Kountze v. Gaines, 2007 U.S. Dist. LEXIS 41732 \*5 (D. Neb. 2007), aff'd, 536 F.3d 813 (8th Cir. 2008). In Kountze, as in Gerdes and Svoboda, the Court deemed the moving party's factual assertions to be admitted. 2007 U.S. Dist. LEXIS at \*5.

**B.     The PJSCC Defendants Have Failed to Create
a Genuine Issue of Material Fact.**

The PJSCC Defendants allege that "genuine fact issues are present," but have failed to identify any alleged fact issue. (PJSCC Response Brief pp. 10-11). Instead, they simply repeat their allegation that the term "placed" can only have one meaning in the cattle industry (putting cattle on feed in a feedlot), regardless of the context in which that term is used. This argument ignores the applicable legal standard and takes the plain language of LOLFC's financing statement completely out of context. (See LOLFC's SJ Memo. of Law pp. 31-45).

**C.     The PJSCC Defendants Have Not Even Bothered to Respond to
LOLFC's Legal Arguments.**

The PJSCC Defendants have failed to provide any response to any of LOLFC's legal arguments.

**CONCLUSION**

For all of the foregoing reasons, as well as the reasons expressed in its original Memorandum of Law, LOLPF respectfully requests that its Statement of Undisputed Material Facts be considered admitted by the PJSCC Defendants and that its Motion for Summary Judgment against the PJSCC Defendants be granted by the Court in all

respects.

          Respectfully submitted,

          STOEL RIVES LLP

Dated: October 6, 2010     By: s/Jonathan C. Miesen
                Jonathan C. Miesen
                Minn. Atty. Reg. No. 19752X

          Suite 4200
          33 South Sixth Street
          Minneapolis, MN 55402
          Telephone: (612) 373-8810
          Facsimile: (612) 373-8881
          E-mail: JCMiesen@stoel.com

          Attorneys for Plaintiff

70322812.1 0099999-00001