IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **LOL FINANCE COMPANY,**<br><br>　　　　**Plaintiff,**<br><br>vs.<br><br>**PAUL JOHNSON & SONS CATTLE CO., INC., FIRST NATIONAL BANK OF OMAHA, ROBERT P. JOHNSON and KERI J. MALONEY, JOHN DOE and ABC COMPANY,**<br><br>　　　　**Defendants.**<br><br>―――――――――――――――――――<br><br>**PAUL JOHNSON & SONS CATTLE CO., INC.,**<br><br>　　　　**Third-Party Plaintiff,**<br><br>vs.<br><br>**MAVERICK FEEDERS, INC., SHON SAWYER and JULIE SAWYER,**<br><br>　　　　**Third-Party Defendants.** | CASE NO. 4:09-CV-3224<br><br>**FIRST NATIONAL BANK OF OMAHA'S REPLY BRIEF IN SUPPORT OF ITS *DAUBERT* MOTION TO EXCLUDE EXPERT OPINIONS AND TESTIMONY** |

**INTRODUCTION**

Maverick Feeders, Inc. ("Maverick") concedes in its Resistance Brief that it has not retained any witnesses to provide expert testimony based upon facts or opinions specific to this case. Rather, Maverick "in the abundance of caution" designated its principal, Shon Sawyer, as a specially retained expert witness within its Rule 26(a)(2) disclosures even though it now contends that such designation was "not required." With respect to the other individuals

disclosed by Maverick in its Rule 26(a)(2) disclosures, i.e., Messrs. Knobbe and Fausti, Maverick now acknowledges they have been retained to provide "general information about the cattle industry" without regard for the facts or circumstances of this case. These concessions made by Maverick require at a minimum that Messrs. Knobbe and Fausti be precluded from testifying at trial and that Mr. Sawyer be limited to providing opinion testimony as set forth in Maverick's disclosures based upon his personal knowledge provided adequate foundation is laid.[1]

## DISCUSSION

### A.    Shon Sawyer

In a reversal of the position that it has staked out for months in this litigation, Maverick now claims that Mr. Sawyer is *not* going to testify as an expert witness under F.R.E. 702, but rather will provide lay opinion testimony under F.R.E. 701 based upon the particularlized knowledge that Mr. Sawyer has of Maverick's business. Maverick should not now be allowed to change the rules of the game and reverse its position with respect to the testimony proffered by Mr. Sawyer. Maverick consciously designated Mr. Sawyer as an expert to testify pursuant to F.R.E. 702, 703 and 705 and it is to that standard to which his proffered testimony should be applied.

The deficiency of Maverick's disclosure of Mr. Sawyer's testimony requires that it be excluded under both F.R.E. 702 and Fed. R. Civ. P. 26(a)(2). *See, e.g., Smith v. State Farm Fire and Cas. Co.*, 164 F.R.D. 49, 53-54 (S.D. W.Va. 1995) (report expressing opinions in vague

---

[1] It should be noted that it appears that the proffered opinion testimony of Messrs. Sawyer, Knobbe and Fausti all relate to Maverick's alleged consequential damages. FNBO has moved for summary judgment on not only Maverick's claims, but also specifically on Maverick's prayer for consequential damages. (Filing No. 169.) Consequently, if the Court were to grant any portion of FNBO's Motion for Summary Judgment against Maverick's claims or damages, then this Motion would obviously be moot.

terms, referring to large amounts of documents as the basis of the opinions, and providing no exhibits was inadequate); *BiCore, Inc. v. Khosrowshahi*, 183 F.R.D. 695, 699-700 (D. Kan. 1998) (excluding proffered expert testimony on damages where court determined that testimony would not assist the jury in understanding the evidence because opinions were not formed based upon the evidence in the case); *Adams v. Pro Transportation, Inc.*, Case No. 8:00CV558, 2002 WL 801911 at *6-7 (D. Neb. Jan. 9, 2002) (excluding expert testimony where there was an analytical gap between the data relied upon and the testimony proffered by expert witness).

If the Court were to permit Maverick to proffer Mr. Sawyer's testimony under F.R.E. 701 as Maverick now requests, then the Court should limit Mr. Sawyer's testimony to only those opinions contained within the disclosure, provided sufficient foundation can be laid for such opinions. While it is certainly true that F.R.E. 701 contemplates admission of testimony from business owners as to the value or projected profits of their businesses without qualifying such persons as expert witnesses, the proffering party still bears the burden of demonstrating that the business owner possesses sufficient personal knowledge to render such opinion testimony. *See, e.g., U.S. Salt, Inc. v. Broken Arrow, Inc.*, 563 F.3d 687, 690 (8th Cir. 2009) ("We conclude that Johnson's proposed testimony regarding lost profits amounts to speculation and conjecture because he failed to perform any analysis of a viable market for the solar salt he expected to receive from Broken Arrow and he lacked relevant and recent activity in the solar salt market.") In this case, it is clear that Mr. Sawyer does not possess the personal knowledge sufficient to lay adequate foundation as to what purported profit per head Maverick would have adduced had Maverick not been in default on LOL's line of credit. Mr. Sawyer's disclosure presents no analysis or personal knowledge as to how he could opine as to such hypothetical profits. *See Dijo, Inc. v. Hilton Hotels Corp.*, 351 F.3d 679 (5th Cir. 2003) ("it has always been the rule that

lay opinion testimony may be elicited only if it is based on the witness's first-hand knowledge or observations"). Accordingly, Mr. Sawyer's expert opinion testimony as to the hypothetical profits that Maverick would have earned had certain speculative events occurred should not be permitted in this case. *See, e.g., Zenith Electronics Corp. v. WH-TV Broadcasting*, 395 F.3d 416 (7th Cir. 2005) (affirming trial court's exclusion of business owner's opinion on projections where projections were mere speculation); *see also Cunningham v. Masterwear Corp.*, 569 F.3d 673 (7th Cir. 2009) (affirming trial court's decision to exclude business owner's testimony as to how much contamination adversely impacted value of property where business owner could not offer a factual basis supporting his opinion).

**B.      Harry Knobbe & Dr. Scott Fausti**

Maverick concedes in its Resistance Brief that Messrs. Knobbe and Fausti are "only intended to provide general information about the cattle industry." (Filing No. 186 p.8.) This is a revealing admission because it underscores the lack of usefulness to the fact finder of both individuals' proffered testimony. In order for expert testimony to be admissible, it must be useful or helpful to the finder of fact. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 590 (1993). Maverick has failed to establish how such general testimony from purported expert witnesses would be helpful or useful to the fact finder in this case. It appears that all Maverick intends to offer their opinion testimony for is to supply the jury "publicly available information about cattle markets" from "USDA records." (Filing No. 186 pp.8-9.) Maverick fails to explain, though, why experts would be needed to read to the jurors the information contained within USDA records provided that such records are themselves admissible in this case. Maverick's attempt to call purported expert witnesses to provide general testimony that has no connection to the facts and circumstances of this case is clearly impermissible and Messrs. Knobbe & Fausti's

4

testimony should be excluded on this basis as well as based upon the inadequacy of their disclosures. *See, e.g., United States v. Stevens*, 935 F.2d 1380, 1398-99 (3d Cir. 1991) (excluding proffered expert witness testimony because its probative value was outweighed by considerations of "undue delay, waste of time, or needless presentation of cumulative evidence).

Furthermore, the proffer of general testimony from witnesses who are completely unfamiliar with the facts of this case is excludable based upon relevance objections alone. *See* F.R.E. 402. To the extent such testimony is relevant, it presents a material risk of unfairly prejudicing, confusing or misleading the jury and is excludable on that basis as well. *See* F.R.E. 403.

Presumably in recognition of the inadmissibility of their proffered testimony under F.R.E. 702, 703 or 705, as a fall back position Maverick argues that Messrs. Knobbe and Fausti should be permitted to testify as lay opinion witnesses under F.R.E. 701. F.R.E. 701 clearly has no place with respect to Messrs. Knobbe and Fausti because by Maverick's own admission, these individuals are not "fact witnesses" since they possess no personal knowledge of any facts relevant to this case. Like Mr. Sawyer, they have been designated by Maverick under Fed. R. Civ. P. 26(a)(2)(B) as expert witnesses whose testimony falls under F.R.E. 702, 703 or 705. While their disclosures were inadequate under Rule 26, this is no basis for their testimony to come in "through the back door" under F.R.E. 701. *See* F.R.E. 701 Advisory Committee Notes, 2000 Amendments ("By channeling testimony that is actually expert testimony to Rule 702, the amendment also ensures that a party will not evade the expert disclosure requirements set forth in Fed. R. Civ. P. 26 . . . by simply calling an expert witness in the guise of a layperson."). Accordingly, the proffered testimony of Messrs. Knobbe and Fausti should be excluded at trial under both F.R.E. 702 and F.R.E. 701. *See, e.g., JRG, Inc. v. Thomasville Furniture Indus., Inc.*,

5

370 F.3d 519, 526 (6th Cir. 2004) (reversing trial court where it allowed expert testimony under F.R.E. 701 where witness had no personal knowledge to offer lay opinion testimony).

## CONCLUSION

For the foregoing reasons, FNBO respectfully submits that the Court exclude *in limine* the proffered expert opinion testimony of Messrs. Sawyer, Knobbe, and Fausti. In the alternative, FNBO respectfully submits that the Court should issue an Order limiting at trial the expert opinion testimony proffered by Mr. Sawyer to only those opinions specifically disclosed in Maverick's expert disclosure of him for which he has personal knowledge of the underlying facts supporting such opinions.

Dated this 13th day of October, 2010.

First National Bank of Omaha, Defendant,

By: /s/Thomas O. Kelley_____
William F. Hargens (#16578)
Thomas O. Kelley (#22667)
McGrath North Mullin & Kratz, PC LLO
Suite 3700 First National Tower
1601 Dodge St.
Omaha, Nebraska 68102
(402) 341-3070
(402) 952-1848 fax
whargens@mcgrathnorth.com
tokelley@mcgrathnorth.com

Attorneys for Defendant, First National Bank of Omaha

**CERTIFICATE OF SERVICE**

I certify that on the 13th day of October, 2010, I electronically filed the foregoing document with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

David A. Domina
ddomica@dominalaw.com

Mark D. Raffety
mraffety@dominalaw.com

Shawn M. Nichols
snichols@cadlaw.com

Steven W. Sanford
ssandford@cadlow.com

Jonathan C. Miesen
JCMiesen@stoel.com

                                                         /s/Thomas O. Kelley
                                                          Thomas O. Kelley