UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| LOL FINANCE COMPANY, | Case No. 09-CV-3224 |
| Plaintiff, | |
| v. | |
| PAUL JOHNSON & SONS CATTLE CO., INC., FIRST NATIONAL BANK OF OMAHA, ROBERT P. JOHNSON AND KERI J. MALOLEY, JOHN DOE AND ABC COMPANY, | BRIEF IN RESISTANCE TO THE FEED YARD DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DKT#166) |
| Defendants. | |
| PAUL JOHNSON & SONS CATTLE CO., INC., | |
| Third-Party Plaintiff, | |
| v. | |
| MAVERICK FEEDERS, INC., SHON SAWYER AND JULIE SAWYER, | |
| Third-Party Defendants. | |

## INTRODUCTION

The Feed Yard Defendants have moved for summary judgment. The motion seeks summary judgment on the claims asserted by both LOL and the Third Party Defendants (Maverick). The supporting brief purports to advance argument on "motions" for summary judgment. Nevertheless, the brief fails to assert any basis as to why the claims asserted by Maverick should be dismissed. In fact, Maverick's claims are not discussed at all.

1

Summary judgment is limited to moments where "the moving party has established the right to a judgment with such clarity as to leave no room for controversy." *Vacca v. Viacom Broadcasting of Mo., Inc.*, 875 F2d 1337, 1339 (8th Cir 1989); *West Chem-Ag Chemicals v. Ford Motor Co.*, 990 F2d 426, 429 (8th Cir 1993). Because the Feed Yard's papers do not explain why any of the tort or contract claims asserted by Maverick are subject to summary judgment, the motion should be denied insofar as Maverick is concerned.

Beyond the lack of argument in regard to Maverick, the Feed Yard's challenge to LOL's lien is also dubious for the reasons set forth in LOL's responsive brief. *See* Dkt # 176. Maverick joins in LOL's resistance.

The Feed Yard's argument is flawed for two additional reasons. First, the Feed Yard claims pole position to the Maverick cattle proceeds based on nothing more than expert affidavits impermissibly stating legal conclusions, not opinions. *See Kostelecky v. NL ACME Tool/NL Indus. Inc.*, 837 F2d 828, 830-31 (8th Cir. 1998). Second, the Feed Yard completely ignores the six figures worth of fluff included in its feed bills and claimed "old debt". So even if its lien is superior to LOL's, that argument is completely irrelevant to Maverick's claim. Instead, the Feed Yard needs to convince a jury that its $1.5 million in feed bills, $300,000 in fake feed adjustment charges, and helium-injected old debt, entitle it to pocket $2 million of proceeds <u>beyond</u> its own feed bills. That is clearly a jury issue. The motion(s) should be rejected for these additional reasons.

To comply with the rules, Maverick responds to the Feedyard Defendants' statement of undisputed material facts as follows:

2

    **3.**[1] **It is uncontroverted that Johnson Feedlot's UCC lien on the cattle in Nebraska was filed prior to LOL's Nebraska UCC lien. (Depo. Ex. 1, 2).**

    **RESPONSE:** Maverick admits the Feed Yard filed a financing statement with the Nebraska Secretary of State on February 22, 2006, identifying itself as the "creditor," and Maverick as the "debtor" and describing the collateral as "all livestock." However, Maverick denies that this claimed security interest is senior to LOL and further denies the amount the Feed Yard claims as subject to its lien. *See* Sawyer Affidavit at ¶ 17; Maverick Index (Dkt #166) at Exhibits 2-3; and LOL's Statement of Undisputed Material Facts (Dkt # 154) at ¶¶ 46-50, 72-74 and 122.

    **4.** **It is uncontroverted that LOL's purported lien on the cattle in South Dakota does not give adequate notice. The description of the collateral in LOL's South Dakota lien is both inaccurate and ambiguous in its terms (Ex. 8, 9, 10, 11, 12, 13).**

    **Response:** This is a statement of law, not fact as required by NECivR 56.1(a) and is denied as such. Furthermore, the statement is based on expert testimony instructing the Court how to rule as a matter of law, and is therefore improper. *See Kolstelecky*, 837 Fed at 830-831.

    **5.** **It is uncontroverted what the terms "placed", "placed" and "placements" mean in the cattle industry. It is also uncontroverted that LOL's use of the term "placed" in its [sic] liens in both South Dakota and Nebraska does not comply with common industry definitions and that the language is at best misleading and vague (Ex. 8, 9, 10, 11, 12, 13).**

    **Response:** This is a statement of law, not fact as required by NECivR 56.1(a) and is denied as such. Furthermore, the statement is based on expert testimony instructing the

---

[1] This is where the Feed Yard's numbering starts.

Court how to rule as a matter of law, and is therefore improper. *See Kolstelecky*, 837 Fed at 830-831. Maverick further joins in LOL's responsive statement. *See* Dkt # 176.

**6.    It is undisputed that no cattle could ever be placed with 4-Square for feed or for any other purpose (Ex. 6 and 7).**

**Response:**    This is a statement of law, not fact as required by NECivR 56.1(a) and is denied as such. furthermore, the statement is based on expert testimony instructing the Court how to rule as a matter of law, and is therefore improper. *See Kolstelecky*, 837 Fed at 830-831. Maverick Further joins in LOL's responsive statement. *See* Dkt # 176.

### CONCLUSION

For the reasons contained herein and based on the record before the Court, Maverick requests that the motions be rejected in all respects.

Dated this __15th_ day of October, 2010.

                              Cadwell Sanford Deibert & Garry, LLP

                              _____/s/ Shawn Nichols_____
                              Shawn M. Nichols
                              200 East 10th Street, Suite 200
                              PO Box 2498
                              Sioux Falls, SD  57104-2498
                              (605) 336-0828
                              Attorney for Third-Party Defendants