IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LOL FINANCE COMPANY, | CASE NO. 4:09-CV-3224 |
| Plaintiff, | |
| vs. | BRIEF IN SUPPORT OF FIRST NATIONAL BANK OF OMAHA'S RULE 12(B)(6) MOTION TO DISMISS MAVERICK FEEDERS, INC.'S CROSSCLAIM |
| PAUL JOHNSON & SONS CATTLE CO., INC., FIRST NATIONAL BANK OF OMAHA, ROBERT P. JOHNSON and KERI J. MALONEY, JOHN DOE and ABC COMPANY, | |
| Defendants. | |
| PAUL JOHNSON & SONS CATTLE CO., INC., | |
| Third-Party Plaintiff, | |
| vs. | |
| MAVERICK FEEDERS, INC., SHON SAWYER and JULIE SAWYER, | |
| Third-Party Defendants. | |

## INTRODUCTION

First National Bank of Omaha ("FNBO") seeks to dismiss the Conversion (Count II) and Civil Conspiracy (Count IV) claims asserted against it by Maverick Feeders, Inc. ("Maverick") in its Amended Crossclaim filed against FNBO. These claims are identical to claims that were asserted against FNBO in Maverick's original Crossclaim on which FNBO had previously moved for summary judgment. (See Filing No. 169.) Accordingly, FNBO seeks the dismissal of

the claims asserted by Maverick in its Amended Crossclaim for the same reasons that FNBO sought the dismissal on summary judgment of the claims asserted against it by Maverick in its original Crossclaim. Thus, FNBO respectfully asks that the Court consider the evidence offered and relied upon by FNBO in support of its Motion for Summary Judgment (Filing Nos. 174 & 191[1]), treat its Motion to Dismiss as one for Summary Judgment under Fed. R. Civ. P. 56, and dismiss Maverick's Amended Crossclaim for the same reasons set forth in FNBO's previously filed briefs in support of its Summary Judgment Motion which FNBO incorporates herein by reference. (See Filing Nos. 175 and 202.)

## STATEMENT OF UNDISPUTED MATERIAL FACTS

FNBO incorporates by reference its Statement of Undisputed Material Facts contained in its Brief in Support of its Summary Judgment Motion. (See Filing No. 175.)

## DISCUSSION

Fed. R. Civ. P. 12(d) allows a Court to convert a Rule 12(b)(6) Motion to one for Summary Judgment under Rule 56 where a party presents to the Court matters outside the pleadings. While "'[t]he court has complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion,'" this case presents the appropriate circumstances for conversion of a Rule 12(b)(6) Motion into one for Summary Judgment. *Stahl v. U.S. Dept. of Agriculture*, 327 F.3d 697, 701 (8th Cir.2003) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1366, at 491 (2d ed.1990)); *see also Schoolhouse, Inc. v. Anderson*, No. 99-1214, 2001 WL 1640081 at *6 (D. Minn. 2000) ("Because this lawsuit is no longer in its earliest stages, and given the

---

[1] In FNBO's Reply Brief in support of its Motion for Summary Judgment, FNBO cited to evidence that it also offered in Opposition to LOL Finance Co.'s Motion for Summary Judgment. Consequently, FNBO respectfully submits and relies upon that evidence in support of this Motion.

2

accompanying motions for summary judgment on plaintiff's claims which include substantial briefing and evidentiary submissions, the court believes a motion for summary judgment is presently appropriate . . . [a]ccordingly, the court will consider evidence outside the pleadings thereby treating this matter as a motion for summary judgment."). Maverick filed its Amended Crossclaim after the deadlines for discovery, expert witness designation, dispositive motions, and motions in limine had all lapsed. In requesting leave to file its Amended Crossclaim, Maverick noted that its proposed Amended Crossclaim did not seek to add any new claims against FNBO. In fact, in Maverick's words, the sole issue before the Court on Maverick's motion to file the Amended Crossclaim / Counterclaim was whether Maverick's Amended Crossclaim / Counterclaim stated a claim against Paul Johnson & Sons Cattle Co. ("PJSCC") for fraud. (See Filing No. 196 at p. 6.) Thus, because the claims asserted against FNBO in each of Maverick's pleadings are the same, FNBO's arguments in favor of summary judgment on Maverick's claims are equally applicable to the Amended Crossclaim as they were to the original Crossclaim.

Maverick's claims of conversion and civil conspiracy against FNBO stem from deposits and pay downs made by FNBO's bank customer PJSCC. FNBO submits that these claims are barred by Nebraska's Uniform Commercial Code which provides protections to deposit-taking institutions such as FNBO for funds deposited in deposit accounts as well as for transferees of funds which have been deposited in deposit accounts. *See* Neb. UCC §§ 9-327, 9-340, 9-341 and 9-332 (2010). The undisputed material facts in this case warrant judgment as a matter of law in FNBO's favor on Maverick's claims. Specifically, Maverick does not dispute the following facts:

> 1. At all relevant times, PJSCC was a deposit and loan customer of FNBO.

9. Maverick consented to PJSCC's feeding and selling of cattle that Maverick placed with PJSCC.

\*\*\*

15. PJSCC deposited the proceeds from the sale of the Maverick Cattle, along with the proceeds from the sale of other cattle separate from the Maverick Cattle, in its checking deposit account held at FNBO.

16. The checking account in which PJSCC deposited the proceeds from the sale of Maverick Cattle and other cattle to which Maverick makes no claim of interest was an account in which FNBO held a security interest perfected by control.

17. Neither LOL nor Maverick had control of PJSCC's deposit account in which PJSCC deposited the proceeds from the sale of the Maverick Cattle.

\*\*\*

19. The account in which the proceeds from the sale of the Maverick Cattle were deposited was PJSCC's business checking account at FNBO from which PJSCC drew funds to pay costs and expenses incurred in operating its feedyard.

20. PJSCC deposited proceeds derived from the sale of other cattle including cattle owned by PJSCC into the same account at FNBO in which it deposited the proceeds from the sale of the Maverick Cattle.

21. At no time was either Maverick or LOL the owner of any of

4

>    PJSCC's demand deposit accounts held at FNBO.

>    \*\*\*

>    23.    LOL, Maverick, PJSCC, and FNBO never entered into a written agreement with regard to the disposition and use of the funds deposited by PJSCC into its demand deposit accounts held at FNBO.

(Filing Nos. 175, 182 & 200.) Consequently, there is no question that: (1) PJSCC had a right and interest in at least a portion of the funds deposited at FNBO, and (2) the funds deposited at FNBO by PJSCC were placed in a deposit account in which FNBO had a security interest perfected by control. Under these circumstances, FNBO is protected as a deposit-taking institution from claims of third-parties such as Maverick to the funds deposited at FNBO and transferred from PJSCC's deposit account at FNBO. Therefore, Maverick's conversion claim against FNBO must fail as a matter of law.

At most, the evidence shows that FNBO knew that Maverick may claim an interest in a portion of the funds deposited by PJSCC at FNBO. Mere knowledge of a claim of interest is insufficient as a matter of law to establish a civil conspiracy claim against FNBO or eviscerate FNBO's rights otherwise granted under Article 9 of the Uniform Commercial Code. *See Ashby v. State*, 279 Neb. 509, 526, 779 N.W.2d 343, 357 (2010) (a conspiracy claimant must be able "to prove the existence of at least an implied agreement . . . to accomplish an unlawful or oppressive object, or a lawful object by unlawful or oppressive means"); White & Summers, 4 The Uniform Commercial Code § 33-10 (6th ed. 2010) ("Normally knowledge that the payment violates Secured Creditor One's security interest is not enough for 'collusion.'"); Neb. UCC § 9-341 (2010). Consequently, Maverick's conspiracy claim, like its claim for conversion, must fail and judgment should be entered in FNBO's favor.

## CONCLUSION

For the reasons set forth above, as well as those stated in Filing Nos. 175 and 202, FNBO respectfully requests that this Court enter judgment in FNBO's favor on Maverick's conversion and conspiracy claims as set forth in Maverick's Amended Crossclaim.

Dated this 12th day of November, 2010.

                                              First National Bank of Omaha, Defendant,

                                              By:/s/Thomas O. Kelley_____
                                                  William F. Hargens (#16578)
                                                  Thomas O. Kelley (#22667)
                                                  McGrath North Mullin & Kratz, PC LLO
                                                  Suite 3700 First National Tower
                                                  1601 Dodge St.
                                                  Omaha, Nebraska 68102
                                                  (402) 341-3070
                                                  (402) 952-1848 fax
                                                  whargens@mcgrathnorth.com
                                                  tokelley@mcgrathnorth.com

                                                  Attorneys for Defendant, First National
                                                  Bank of Omaha

**CERTIFICATE OF SERVICE**

I certify that on the 12th day of November, 2010, I electronically filed the foregoing document with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

David A. Domina
ddomina@dominalaw.com

Mark D. Raffety
mraffety@dominalaw.com

Shawn M. Nichols
snichols@cadlaw.com

Steven W. Sanford
ssanford@cadlaw.com

Jonathan C. Miesen
JCMiesen@stoel.com

                                                 /s/Thomas O. Kelley
                                                    Thomas O. Kelley