UNITED STATES DISTRICT COURT

DISTRICT OF NEBRASKA

---

LOL Finance Company,

    Plaintiff,

v.

Paul Johnson & Sons Cattle Co., Inc., First National Bank of Omaha, Robert P. Johnson, Keri J. Maloley, John Doe and ABC Company,

    Defendants.

Case No. 09-CV-3224

**ORDER ON FINAL PRETRIAL CONFERENCE**

---

Paul Johnson & Sons Cattle Co., Inc.,

    Third-Party Plaintiff,

v.

Maverick Feeders, Inc., Shon Sawyer and Julie Sawyer,

    Third-Party Defendants.

---

A final pretrial conference was held on the 12th day of January, 2011. Appearing for the parties as counsel were:

**Attorneys for Plaintiff:**

Jonathan C. Miesen
Stoel Rives LLP
33 South Sixth Street, Suite 4200
Minneapolis, MN 55402
(612) 373-8810

**Attorneys for Defendants Paul Johnson & Sons Cattle Co., Inc., Robert P. Johnson and Keri J. Maloley:**

David A. Domina
Domina Law Group PC LLC
2425 South 144th Street
Omaha, NE 68144-2367
(402) 493-4100

**Attorneys for Defendant First National Bank of Omaha:**

William F. Hargens
McGrath, North, Mullen & Kratz, PC LLO
1601 Dodge Street
Suite 3700, First National Tower
Omaha, NE 68102-1627
(402) 341-3070

**Attorneys for Third-Party Defendants:**

Shawn M. Nichols
Steven W. Sanford
Cadwell, Sanford, Deibert & Garry, LLP
200 E. 10th Street, Suite 200
Sioux Falls, SD 57101
(605) 336-0828

*[handwritten annotations: No exhibit list for PJohnson / 1-129 - π's Exhibits / 300 series - Maverick exhibits / 400 Series - FNBO Exhibits]*

**(A) Exhibits.**

The parties will provide the Court with their exhibit lists and objections at or before the final pretrial conference.

Caution: Upon express approval of the judge holding the pretrial conference for good cause shown, the parties may be authorized to defer listing of exhibits or objections until a later date to be specified by the judge holding the pretrial conference. The mere listing of an exhibit on an exhibit list by a party does not mean it can be offered into evidence by the adverse party without all necessary evidentiary prerequisites being met.

**(B) Uncontroverted Facts.** The parties have agreed that the following may be accepted as established facts for purposes of this case only:

1. Plaintiff LOL Finance Company ("LOLFC") is a Minnesota corporation with its principal place of business located in Arden Hills, Minnesota. LOLFC is engaged in the business of providing financing to agricultural businesses and producers, including cattle producers

2

2. Defendant Paul Johnson and Sons Cattle Co., Inc. ("PJSCC") is a Nebraska corporation with its principal place of business located in Bertrand, Nebraska. PJSCC operates a cattle feedlot.

3. Defendant Robert P. Johnson is a citizen of the State of Nebraska. Mr. Johnson resides in Bertrand, Nebraska. He owns and operates PJSCC.

4. Defendant Keri J. Maloley is a citizen of the State of Nebraska. Ms. Maloley resides in Bertrand, Nebraska. She is Mr. Johnson's daughter and the bookkeeper for PJSCC.

5. Defendant First National Bank of Omaha ("FNBO") is a national banking association with its principal place of business located in Omaha, Nebraska. FNBO provides financing to PJSCC.

6. Third-Party Defendant Maverick Feeders, Inc. ("Maverick Feeders") is a South Dakota corporation with its principal place of business located in Hurley, South Dakota. Maverick Feeders is engaged in the business of raising and marketing cattle.

7. Third-Party Defendants Shon D. Sawyer and Julie K, Sawyer are a married couple. The Sawyers are citizens of the State of South Dakota. They reside in Hurley, South Dakota. The Sawyers own and operate Maverick Feeders.

LOLFC, Maverick Feeders and the Sawyers believe that the findings of fact set forth in the Court's Memorandum and Order dated December 23, 2010, should be deemed "established" at trial pursuant to former Rule 56(d) of the Federal Rules of Civil Procedure or current Rule 56(g) of the Federal Rules of Civil Procedure, whichever is applicable in this case. LOLFC, Maverick Feeders and the Sawyers request that those findings of fact be read to the jury at the beginning of the trial and included in the jury instructions for this case. [Handwritten margin note: FNBO & Paul Johnson also object]

**(C) Controverted and Unresolved Issues.** The issues remaining to be determined and unresolved matters for the court's attention are:

[Handwritten margin note: The parties disagree on elements of proof or abutting aiding conspiracy and other claims, elements, damages]

[List all legal issues remaining to be determined, setting out in detail each element of the claim or defense which is genuinely controverted (including issues on the merits and issues of jurisdiction, venue, joinder, validity of appointment of a representative of a party, class action, substitution of parties, attorney's fee and applicable law under which it is claimed, and prejudgment interest). Specify any special damages or permanent injuries claimed. In any negligence action, specify elements of negligence and contributory negligence, if any. Any other unresolved matters requiring the court's attention, such as possible consolidation for trial, bifurcated trials on specified issues, and pending motions, shall also be listed.]

[Handwritten: Their respective versions are set forth below. The dispute to be resolved]

**LOLFC:** [Handwritten: at the time of jury instruction conference]

Based upon the Court's Memorandum and Order dated December 23, 2010, it is LOLFC's position that the following issues remain for trial:

3

1. Whether Ms. Maloley aided and abetted PJSCC and Mr. Johnson in converting LOLFC's collateral?

    a. Whether Ms. Maloley was aware of the conversion?

    b. Whether Ms. Maloley assisted PJSCC and Mr. Johnson in perpetrating conversion?

2. Whether FNBO aided and abetted PJSCC and Mr. Johnson in converting LOLFC's collateral?

    a. Whether FNBO was aware of the conversion?

    b. Whether FNBO assisted PJSCC and Mr. Johnson in perpetrating the conversion?

3. Whether Ms. Maloley conspired with PJSCC and/or Mr. Johnson to convert LOLFC's collateral?

    a. Whether there was an actual or implied agreement between Ms. Maloley, PJSCC and/or Mr. Johnson to convert LOLFC's collateral?

    b. Whether Ms. Maloley was acting outside the scope of her authority or other than in the normal course of her duties?

4. Whether FNBO conspired with PJSCC and/or Mr. Johnson to convert LOLFC's collateral?

    a. Whether there was an actual or implied agreement between FNBO, PJSCC and/or Mr. Johnson to convert LOLFC's collateral?

**PJSCC, Mr. Johnson and Ms. Maloley:**

It is the position of PJSCC, Mr. Johnson and Ms. Maloley that the following issues remain for trial:

### Aiding & Abetting Conversion

Ms. Maloley claims these issues are present in the aiding and abetting claim against her:

1   Did Ms. Maloley know that a conversion by Johnson Cattle was going to be or was being committed by Johnson Cattle and Robert Johnson against LOL Finance;

2   Did Ms. Maloley give substantial assistance or encouragement to Johnson Cattle or Mr. Johnson?

3   Was Ms. Maloley's conduct a substantial factor in causing harm to LOL Finance?

4   Did Ms. Maloley actively *aid* and *abet* or connive with another to exercise wrongful dominion over the plaintiff's personal property.

### Conspiracy

Ms. Maloley claims these elements are present with respect to the conspiracy claim against her:

1   Was there a concerted action by a combination of two or more persons, including the plaintiff?

2   Was the concerted actions to accomplish a criminal or unlawful purpose, or to accomplish a lawful purpose by criminal or unlawful means?

3   Did PJSCC defendant committed a separate, actionable tort as part of the conspiracy, in this case the tort or civil wrong of conversion. Since the Court has determined the a conversion, but not a conspiracy, was committed by Johnson Cattle and Robert Johnson, but it is for the to determine whether a conversion and a conspiracy consisting of these elements, was committed by either Ms. Maloley, or First National Bank of Omaha, or both. This means elements 1 and 2 above in this Instruction and elements 3.1 – 3.3 below must be so proven:

    3.1   Did First National Bank, or Ms. Maloley, exercised control over property of LOL Finance?

    3.2   Was this control exercised wrongfully?

    3.3   Was LOL Finance deprived of funds for an indefinite period of time?

### Breach of Contract Issues

(1)   Did PJSCC breach a contract it may have had with Maverick Feeders, Inc. or Shon or Julie Sawyer, to feed cattle?

(2)   Was the breach of contract, if any, committed by PJSCC, material?

(3)   Did Maverick Feeders and Sawyers breach contractual duties to PJSCC by failing to pay it for its feeding services?

(4)   Did PJSCC properly collect sums due it for cattle feeding services from proceeds of sale of Maverick and Sawyer cattle?

5

(5)    Is PJSCC entitled to all or any portion of funds held in escrow pending resolution of this dispute?

(6)    Did Robert Johnson or Keri Maloley have, or breach, materially a contract with Maverick Feeders or the Sawyers?

(7)    Did any breach of contract by PJSCC, Robert Johnson, or Keri Maloley proximately cause any loss to Maverick Feeders and the Sawyers, and, if so, what is the extent of the loss?

### Third Party Complaint & Third Party Defendant's Counterclaims and Cross Claims

(8)    **Account stated:** Did Maverick Feeders and the Sawyers feed cattle with PJSCC on an account which they did not pay? If so, what is the balance due on the account?

(9)    **Conversion:** Did PJSCC, Robert Johnson or Keri Maloley convert cattle or sale proceeds by taking them from Maverick Feeders with the intention to permanently deprive them of the funds, with no lawful right to do so? If so, what sum was converted?

### Fraud Allegations Against PJSCC

(10)    Did PJSCC, Robert Johnson, or Keri Maloley make any material false representation or omission to Maverick Feeders or the Sawyers?

(11)    Did Maverick Feeders or the Sawyers rely on any false representation or omission to their detriment?

(12)    Was their reliance reasonable?

(13)    Did the reliance result in any damages to Maverick Feeders or the Sawyers and, if so, what is the nature or extent of the damage?

(14)    Did the material misrepresentation or omission occur willfully, intentionally, or with wanton disregard for the truth?

(15)    May punitive or exemplary damages be recovered?

### Other

(16)    Do the counterclaim and cross claims of Maverick Feeders and the Sawyers asserted against Robert Johnson state a claim upon which relief may be granted?

(17)    Do the counterclaim and cross claims of Maverick Feeders and the Sawyers asserted against Keri Maloley state a claim upon which relief may be granted?

(18) Are Maverick Feeders, or the Sawyers, estopped equitably to assert proceeds of sale of cattle placed with PJSCC were converted or misused?

(19) Must Maverick Feeders and Sawyers elect between their assertions of breach of contract and their assertions of fraud and civil conspiracy under Nebraska law?

**FNBO:**

Based upon the Court's Memorandum and Order dated December 23, 2010, FNBO believes that the following issues remain for trial in connection with claims asserted against FNBO: *[handwritten: FNBO is not hereby conceding that aiding & abetting claims were alleged!]*

1. Did FNBO conspire with PJSCC to convert proceeds of the sale of cattle claimed by LOL?

   a. Did FNBO enter into an agreement with PJSCC to convert proceeds of cattle claimed by LOL?

   b. Did FNBO engage in some underlying misconduct in furtherance of the alleged conspiracy?

   c. What, if any, damages have been sustained by LOL as a result of the alleged conspiracy?

2. Has LOL has properly pled a claim against FNBO for aiding and abetting a conversion of the proceeds of the sale of cattle claimed by LOL and, if so:

   a. Was FNBO aware that PJSCC was converting proceeds of cattle claimed by LOL?

   b. Did FNBO provide substantial assistance to PJSCC in connection with the alleged conversion?

   c. What, if any, damages have been sustained by LOL as a result of the alleged aiding and abetting?

3. Does the Court have subject matter jurisdiction over the purported "cross-claims" of Maverick Feeders and the Sawyers against FNBO and, if so:

   a. Did FNBO conspire with PJSCC to convert proceeds of the sale of cattle claimed by Maverick Feeders or the Sawyers?

      (1) Did FNBO enter into an agreement with PJSCC to convert proceeds of cattle claimed by Maverick Feeders or the Sawyers?

7

    (2) Did FNBO engage in some underlying misconduct in furtherance of the alleged conspiracy?

    (3) Did Maverick Feeders or the Sawyers have a claim to immediate possession of the proceeds of the cattle that allegedly were converted?

    (4) What, if any, damages have been sustained by Maverick Feeders or the Sawyers as a result of the alleged conspiracy?

    (5) Can Maverick Feeders or the Sawyers recover consequential damages?

  b. Have Maverick Feeders or the Sawyers properly pled a claim against FNBO for aiding and abetting a conversion of the proceeds of the sale of cattle claimed by Maverick Feeders or the Sawyers and, if so:

    (1) Was FNBO aware that PJSCC was converting proceeds of cattle claimed by Maverick Feeders or the Sawyers?

    (2) Did FNBO provide substantial assistance to PJSCC in connection with the alleged conversion?

    (3) Did Maverick Feeders or the Sawyers have a claim to immediate possession of the proceeds of the cattle that allegedly were converted?

    (4) What, if any, damages have been sustained by Maverick Feeders or the Sawyers as a result of the alleged aiding and abetting?

    (5) Can Maverick Feeders or the Sawyers recover consequential damages?

  4. Should the claims asserted against FNBO be dismissed under Rule 19(b) for failure to join Joe Varner.

**Maverick Feeders and the Sawyers:**

It is the position of Maverick Feeders and the Sawyers that the following issues remain for trial:

### Breach of Contract Issues

  1. Did PJSCC breach a contract it may have had with Maverick Feeders, Inc. or Shon or Julie Sawyer, to feed cattle?

  2. Was the breach of contract, if any, committed by PJSCC, material?

### Conversion, Conspiracy and Collusion

8

1. Whether Ms. Maloley aided and abetted PJSCC and Mr. Johnson in converting Maverick's cattle?

    a. Whether Ms. Maloley was aware of this conversion?

    b. Whether Ms. Maloley assisted PJSCC and Mr. Johnson in perpetrating the conversion?

2. Whether FNBO aided and abetted PJSCC and Mr. Johnson in converting Maverick's cattle?

    a. Whether FNBO was aware of this conversion?

    b. Whether FNBO assisted PJSCC and Mr. Johnson in perpetrating the conversion?

3. Whether Ms. Maloley conspired with PJSCC and/or Mr. Johnson to convert Maverick's?

    a. Whether there was an actual or implied agreement between Ms. Maloley, PJSCC and/or Mr. Johnson to convert Maverick's cattle?

    b. Whether Ms. Maloley was acting outside the scope of her authority or other than in the normal course of her duties?

4. Whether FNBO conspired with PJSCC and/or Mr. Johnson to convert Maverick's cattle?

    a. Whether there was an actual or implied agreement between FNBO, PJSCC and/or Mr. Johnson to convert Maverick's cattle.

**Fraud Allegations**

1. Did PJSCC and/or Robert Johnson make any material false representation or omission to Maverick Feeders or the Sawyers?

2. Did Maverick Feeders or the Sawyers rely on any false representation or omission to their detriment?

3. Was their reliance reasonable?

4. Did the reliance result in any damages to Maverick Feeders or the Sawyers and, if so, what is the nature or extent of the damage?

[Handwritten margin note: "PJS as FNBO as object as outside the pleading - Overruled - See Filing No. 227 p. 1st trial is issues"]

9

5. Did the material misrepresentation or omission occur willfully, intentionally, or with wanton disregard for the truth?

### Damages and Interest

1. Have Maverick and/or the Sawyers sustain damage and detriment, including past and future lost profits as a legal result of a breach of contract by PJSCC? If so, in what amount?

2. Have Maverick and/or the Sawyers sustain damage and detriment, including past and future lost profits as a legal result of tortious conduct by PJSCC, Robert Johnson, Keri Maloley and/or FNBO? If so, in what amount?

3. What sum of prejudgment interest is Maverick and/or the Sawyers entitled to recover?

**(D)  Witnesses.** All witnesses, including rebuttal witnesses, expected to be called to testify by LOLFC, except those who may be called for impeachment purposes as defined in NECivR 16.2(c) only, are:

|  | Will Call | May Call |
|---|---|---|
| Timothy W. Wilken<br>Ham Lake, Minnesota |  | X |
| Ronald C. McKay<br>Elk Point, South Dakota | X |  |
| Michelle Sauder<br>Lubbock, Texas | X |  |
| Jill McDonald<br>Lubbock, Texas |  | X |
| Randy Lenz<br>Kearney, Nebraska |  | X |
| Bruce Froslee<br>Clitherall, Minnesota |  | X |
| Ron Adamek<br>Lubbock, Texas |  | X |
| Shon D. Sawyer<br>Hurley, South Dakota | X |  |
| Julie K. Sawyer |  | X |

Hurley, South Dakota

Joseph Varner                                                                 X
Pierz, Minnesota

Robert P. Johnson                              X
Bertrand, Nebraska

Keri J. Maloley                                X
Bertrand, Nebraska

Christopher Kalkowski                          X
Omaha, Nebraska

Richard Meyer                                                                 X
Omaha, Nebraska

All witnesses expected to be called to testify by PJSCC, Mr. Johnson and Ms. Maloley, except those who may be called for impeachment purposes as defined in NECivR 16.2(c) only,

11

are:

|  | Will Call | May Call |
|---|---|---|
| Johnson, Robert A.<br>74237 D Road<br>Bertrand, NE 68927<br>308-472-3470 | X |  |
| Kalkowski, Chris<br>First National Bank of Omaha<br>1620 Dodge Street, Stop 1090<br>Omaha, NE 68197 | X |  |
| Maloley, Keri<br>74237 D Road<br>Bertrand, NE 68927<br>308-472-3470 | X |  |
| Corporate Representative<br>Maverick Feeders, Inc.<br>Hurley, SD | X |  |
| McKay, Ronald C.<br>Land O'Lakes Finance Company<br>107 Green Court Drive<br>Elk Point, SD 57025<br>605-356-3513 | X |  |
| Sawyer, Julie<br>28122 Sd Highway 19<br>Hurley, SD 57036-6006 |  | X |
| Sawyer, Shon<br>28122 Sd Highway 19<br>Hurley, SD 57036-6006 | X |  |

All witnesses expected to be called to testify by FNBO, except those who may be called for impeachment purposes as defined in NECivR 16.2(c) only, are:

|  | Will Call | May Call |
|---|---|---|
| Christopher Kalkowski<br>Omaha, Nebraska | X |  |

| | Will Call | May Call |
|---|---|---|
| Timothy Wilken (via deposition) | | X |
| Shon Sawyer (via deposition) | | X |

All witnesses expected to be called to testify by Maverick Feeders and the Sawyers, except those who may be called for impeachment purposes as defined in NECivR 16.2(c) only, are:

| | Will Call | May Call |
|---|---|---|
| Timothy W. Wilken<br>Ham Lake, Minnesota | | X |
| Ronald C. McKay<br>Elk Point, South Dakota | X | |
| Johnson, Robert A.<br>74237 D Road<br>Bertrand, NE 68927<br>308-472-3470 | X | |
| Kalkowski, Chris<br>First National Bank of Omaha<br>1620 Dodge Street, Stop 1090<br>Omaha, NE 68197 | X | |
| Maloley, Keri<br>74237 D Road | X | |
| Sawyer, Julie<br>28122 Sd Highway 19<br>Hurley, SD 57036-6006 | X | |
| Sawyer, Shon<br>28122 Sd Highway 19<br>Hurley, SD 57036-6006 | X | |
| Joseph Varner<br>Pierz, Minnesota | | X |
| Tim Stotz<br>4500 South Technology Drive<br>Sioux Falls, SD 57106 | X | |
| Scott Fausti | | X |

13

1027 6th Avenue
Brookings, SD 57006

Harry Knobe                 X
595 15th Road
West Point, NE 68788

   It is understood that, except upon a showing of good cause, no witness whose name and address does not appear herein shall be permitted to testify over objection for any purpose except impeachment. A witness whose only testimony is intended to establish foundation for an exhibit for which foundation has not been waived shall not be permitted to testify for any other purpose, over objection, unless such witness has been disclosed pursuant to Federal Rule of Civil Procedure 26(a)(3). A witness appearing on any party's witness list may be called by any other party. *[Handwritten: Note: the parties agree that additional witnesses, not otherwise listed above, may be called as foundational witnesses if necessary]*

   **(E)**  **Expert Witnesses' Qualifications.** Experts to be called by LOLFC and their qualifications are: *[Handwritten: Retained only]*

Not applicable.

[Set out the qualifications of each person expected to be called as an expert witness. A curriculum vitae or resume may be attached in lieu of setting out the qualifications.]

   Experts to be called by PJSCC, Mr. Johnson and Ms. Maloley and their qualifications are:

~~Judy Ackland~~ *[Handwritten: Maverick + LOL object. Was not disclosed as to the topic below — STRICKEN]*

   Mrs. Ackland may be called to testify ~~as to balances due~~ *[Handwritten: as to how to read a closeout]*. Her qualifications have been disclosed.

   Experts to be called by Maverick Feeders and the Sawyers and their qualifications are:

~~Scott Fausti~~
~~1027 6th Avenue~~
~~Brookings, SD 57006~~   *[Handwritten: STRICKEN by agreement. Will not be called]*   **PJSCC, Johnson & Maloley Object**

Scott is a professor of agri-economics at the South Dakota State University, and has been teaching courses on this subject for approximately 20 years. Scott will testify regarding the general economic forces involved in buying, financing, feeding and selling cattle for profit. Scott will also provide testimony as to cattle market trends over the last two years, including the prices for feeder cattle and fat cattle over this period of time based on USDA statistics.

Harry Knobe               **PJSCC, Johnson & Maloley Object —**
595 15th Road              *[Handwritten: See filing # 143 & 150]*
West Point, NE 68788          *[Handwritten: See Judge Kopf's order, filing #232.]*

Harry is involved in the cattle business on both the livestock sale and purchase end. Harry has a feed lot in West Point, Nebraska where he feeds his own cattle. Harry also has cattle custom fed at several feed lots throughout Nebraska and has been involved in the cattle business for over fifty years. Harry will testify as to records that a feed lot should keep in the ordinary course of business, including rendering receipts.

Harry also operates a commodities business. Harry will testify regarding the general commodity prices during the last two years that have had an impact on performance of the cattle market, the cost of gains for feeding cattle, and the current profitability of cattle purchased in the last 13 months.

FNBO objects to the above experts on the grounds set forth in its *Daubert* Motion to Exclude Expert Opinions and Testimony (Filing No. 143) **PJSCC, Johnson & Maloley object on these same grounds.**

(F) **Voir Dire.** The parties request permission to conduct voir dire in accordance with Judge Kopf's General Observations About Civil Jury Trials. They suggest the following time limits:

| Party | Time Limit |
| --- | --- |
| LOLFC | 20 minutes |
| PJSCC, Mr. Johnson and Ms. Maloley | 20 minutes |
| FNBO | 20 minutes |
| Maverick Feeders and the Sawyers | 20 minutes |

(G) **Number of Jurors.** Pursuant to Judge Kopf's General Observations About Civil Jury Trials,. LOLFC requests a jury of no more than eight (8) members. PJSCC, Mr. Johnson, Ms. Maloley and FNBO request a jury of no fewer than nine (9) members. ~~Maverick Feeders and the Sawyers request a jury of twelve (12) members, but would accept a jury of no fewer than nine (9) members~~.

(H) **Verdict.** The parties will stipulate to a verdict based on 5/6, or more of the members of the jury after the jury has had an opportunity for deliberation and consideration of the case for a period of not less than six hours after the same has been submitted to the jury.

(I) **Briefs, Instructions, and Proposed Findings.** The parties suggest that trial briefs are unnecessary in light of their prior summary judgment motions. They suggest joint jury instructions be required no later than January 14, 2011, and each party submit separate proposed jury instructions no later than January 14, 2011.

15

(J) **Length of Trial.** Counsel for LOLFC, Maverick Feeders and the Sawyers believe that the maximum length of trial will be four days. ~~Counsel for FNBO, PJSCC, Mr. Johnson and Ms. Maloley believe that the maximum length of trial will be five days.~~

(K) **Trial Date.** Trial is set to begin on January 18, 2011.

|  |  |
|---|---|
| Dated: January 11, 2011 | APPROVED AS TO FORM:<br><br>STOEL RIVES LLP<br><br>By: s/Jonathan C. Miesen<br>Jonathan C. Miesen<br>Minn. Atty. Reg. No. 19752X<br><br>Suite 4200<br>33 South Sixth Street<br>Minneapolis, MN 55402<br>Telephone: (612) 373-8810<br>Facsimile: (612) 373-8881<br>E-mail: jcmiesen@stoel.com<br><br>Attorneys for Plaintiff |
| Dated: January 11, 2011 | DOMINA LAW GROUP PC LLC<br><br>By: s/David A. Domina<br>David A. Domina<br>Neb. Atty. Reg. No. 11043<br><br>2425 South 144th Street<br>Omaha, NE 68144-2367<br>Telephone: (402) 493-4100<br>Facsimile: (402) 493-9782<br>E-mail: ddomina@dominalaw.com<br>mraffety@dominlaw.com<br><br>Attorneys for Defendants Paul Johnson & Sons Cattle Co., Inc., Robert P. Johnson, and Keri J. Maloley |

16

|  |  |
|---|---|
|  | MCGRATH NORTH MULLEN & KRATZ, PC, LLO |
| Dated: January 11, 2011 | By: /William F. Hargens<br>William F. Hargens<br>Neb. Atty. Reg. No. 16578<br>Thomas O. Kelley<br>Neb. Atty. Reg. No. 22667 |

1601 Dodge Street
Suite 3700, First National Tower
Omaha, NE 68102-1627
Telephone: (402) 341-3070
Fax: (402) 341-0216
Email: whargens@mcgrathnorth.com
tokelley@mcgrathnorth.com

Attorneys for Defendant First National Bank of Omaha

|  |  |
|---|---|
|  | CADWELL, SANFORD, DEIBERT & GARRY, LLP |
| Dated: January 11, 2011 | By: s/Shawn Nichols<br>Shawn Nichols<br>Stephen W. Sanford |

200 E. 10th Street
Suite 200
P.O. Box 2498
Sioux Falls, SD 57101
Telephone: (605) 336-0828
Facsimile: (605) 336-6036
Email: snichols@cadlaw.com

Attorneys for Third-Party Defendants

70482568.1 0039116-00042

*Dated this 12th day of January, 2011*

*[signature]*
*US Magistrate Judge*

17