IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LOL FINANCE COMPANY, | ) | 4:09CV3224 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| PAUL JOHNSON & SONS CATTLE CO., INC., FIRST NATIONAL BANK OF OMAHA, ROBERT P. JOHNSON, KERI J. MALOLEY, JOHN DOE and ABC COMPANY, | ) ) ) ) ) ) | |
| Defendants. | ) | |
| PAUL JOHNSON & SONS CATTLE CO., INC., | ) ) ) | |
| Third-Party Plaintiff, | ) | |
| v. | ) ) | |
| MAVERICK FEEDERS, INC., SHON SAWYER and JULIE SAWYER, | ) ) ) | |
| Third-Party Defendants. | ) | |

This matter is before the court on the defendant First National Bank of Omaha's objection to the entry of judgment including prejudgment interest (filing 298). The objection will be sustained.

On December 23, 2010, the court entered a memorandum and order (filing 227) granting the plaintiff's motion for summary judgment against Paul Johnson & Sons Cattle Co. ("Johnson Feedlot") and Robert Johnson. The court held that Johnson Feedlot and Mr. Johnson were jointly and severally liable for converting cattle proceeds belonging to the plaintiff in the amount of $2,126,442.77, together with prejudgment interest in the amount of $191,553.40 plus $699.10 per day from September 1, 2010, through the date of entry of a final judgment.

Pursuant to a temporary restraining order entered by consent of the parties on November 5, 2009 (filing 18), certain funds were deposited into an approved escrow account. On March 21, 2011,

in accordance with the parties' joint stipulation (filing 256), the court entered an order (filing 262) authorizing and directing the release of all funds held in the escrow account to the plaintiff.

The case went to trial on March 28, 2011. At the conclusion of the trial on April 1, 2011, the court directed the plaintiff to file an affidavit calculating a judgment amount to a date certain (with credit for its receipt of the escrowed funds) and set a deadline for the defendants to file any objections to the affidavit. (Filing 281 (text minute entry).)

On April 4, 2011, the jury returned a verdict (filing 289) finding that First National Bank of Omaha ("FNBO") conspired with, and aided and abetted, Johnson Feedlot in converting the plaintiff's property. That same date, the plaintiff filed its affidavit (filing 284) showing that it received $635,503.88 from the escrow account on March 29, 2011. The total judgment amount as of that date was calculated to be $1,829,303.29, and prejudgment interest thereafter was calculated to be $601.41 per day.

On April 29, 2011, after obtaining several extensions of time, FNBO filed an objection to the inclusion of any prejudgment interest in the judgment to be entered against it. FNBO argues the plaintiff's claim was unliquidated as to it because there was a reasonable controversy concerning its liability to the plaintiff. In particular, FNBO notes that court determined in its ruling on the plaintiff's motion for summary judgment that "there is a genuine dispute whether FNBO knowingly assisted PJSCC in committing the tort of conversion" and that "there are genuine issues of material fact whether the defendants engaged in a civil conspiracy." (Filing 227, at 39, 41.)

The plaintiff's opposing brief (filing 300) was filed on May 10, 2011. Today, FNBO has filed a motion for leave to submit a reply brief (filing 301) and has also filed the proposed brief (filing 302). The motion will be granted *instanter*.

While FNBO is jointly and severally liable with Johnson Feedlot and Mr. Johnson for the full amount of damages sustained by the plaintiff, prejudgment interest is not considered to be an element of damages for conversion under Nebraska law. *See Otto Farms, Inc. v. First Nat. Bank of York*, 422 N.W.2d 331, 336 (Neb. 1988). "The Nebraska rule on liquidated damages is that damages are liquidated when (1) there is no reasonable controversy over liability, and (2) the amount due and the date thereof can be computed without opinion or discretion." *Id.*

The court determined that both conditions were satisfied with respect to the claim against Johnson Feedlot for conversion, and with respect to the claim against Mr. Johnson for aiding and

abetting the conversion, but the same cannot be said for FNBO. Because FNBO's liability was genuinely disputed, an award of prejudgment interest against it is not warranted.

Accordingly, the court will enter judgment providing (1) that Johnson Feedlot, Robert Johnson, and FNBO are jointly and severally liable for the value of the converted property, in the amount of $1,490,938.37 ($2,126,442.77 - $635,503.88), plus taxable costs, and (2) that Johnson Feedlot and Robert Johnson are jointly and severally liable for prejudgment interest, in the amount of $338, 364.92 ($1,829,303.29 - $1,490,938.37) plus $601.41 per day since March 29, 2011, or $25,860.63 ($601.41 x 43), for a total of $364,225.55.

IT IS ORDERED that:

1. The defendant First National Bank of Omaha's motion for leave to file a reply brief (filing 302) is granted *instanter*.

2. The defendant First National Bank of Omaha's objection to the entry of judgment including prejudgment interest (filing 298) is sustained.

3. Final judgment shall be entered by separate document.

May 11, 2011.                    BY THE COURT:

                                 *Richard G. Kopf*
                                 United States District Judge